**TDINDUSTRIES, INC., Appellant,**

v.

**Marco RIVERA, Appellee.**

**No. 01–10–00812–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 31, 2011.

Bruce K. Packard, James Owen Crewse, Theodore J. Riney, Riney Palter, PLLC, Dallas, for Appellant.

Brenton P. Monteleone, The Aubert Law Firm, Kingwood, Galvin B. Kennedy, Kennedy Hodges LLP, James M. Corbett, Barber Lyman, P.C., Jaqueline Leguizamon, City of Houston Legal Dept., Timothy L. Nebel, Barker Lyman, P.C., Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

ELSA ALCALA, Justice.

Appellant TDIndustries,. Inc. ("TDI") appeals from the denial of its motion to dismiss appellee Marco Rivera's claims against TDI for failure to file a certificate of merit pursuant to Section 150.002 of the Civil Practices and Remedies Code (the "CPRC"). In four issues, TDI argues that the trial court abused its discretion by denying the motion to dismiss because the claims pled by Rivera are governed by Section 150.002 and Rivera was required to satisfy the certificate of merit requirement with his original petition. We conclude that the trial court did not abuse its discretion in determining that Rivera's claims against TDI do not implicate Section 150.002's certificate of merit requirement, and we affirm.

## Background

Rivera sued TDI and the City of Houston to recover for injuries Rivera allegedly incurred at the George R. Brown Convention Center when a freight elevator door closed and struck him in the head while he was pushing a trash cart into the elevator.[1] The City of Houston owns the George R. Brown Convention Center, and TDI provides management services to the City of Houston for the convention center. TDI is a licensed professional engineering firm. Under his original petition filed February 11, 2009, Rivera's claims against TDI and the City of Houston were negligence and premises liability claims.

Rivera did not file a certificate of merit with his original petition nor with his second, third or fourth amended petitions. On October 30, 2009, TDI moved to dismiss Rivera's complaint for failure to file a certificate of merit. On the day TDI's motion to dismiss was set for hearing, Rivera nonsuited his claims against TDI Seven months later, Rivera filed a certificate of merit and fifth amended petition that reasserted his previously nonsuited claims against TDI and added new claims for products liability, negligent activity, and gross negligence against TDI and other defendants. TDI filed a second motion to dismiss, arguing that Rivera's certificate of merit was untimely because it was not filed with his original petition and, alternatively, the certificate of merit filed with Rivera's fifth amended petition was deficient because the affiant was not "practicing in the same area of practice" as TDI.

On the day before the hearing on TDI's motion to dismiss, Rivera filed its sixth amended petition, dropping TDI from his products liability and negligent activity claims but retaining his claims against TDI for negligence and premises liability. After the hearing, Rivera filed a seventh amended petition that further honed the allegations against TDI in Rivera's negligence and premises liability claims. Subsequently, the trial court denied TDFs second motion to dismiss. TDI appeals from this order.

## Standard of Review

Section 150.002(f) authorizes interlocutory appeal from a trial court's grant or

---

1. Rivera added additional defendants in subsequent petitions, including the elevator manufacturer and the elevator maintenance contractor.

denial of a motion to dismiss under that statute. TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(f) (West Supp.2010) (formerly § 150.002(e)). We review such orders under an abuse of discretion standard. *Curtis & Windham Architects, Inc. v. Williams,* 315 S.W.3d 102, 106 (Tex.App.-Houston [1st Dist.] 2010, no pet.); *UOP, L.L.C. v. Kozak,* No. 01–08–00896–CV, 2010 WL 2026037, at *4 (Tex.App.-Houston [1st Dist.] May 20, 2010, no pet.) (mem. op.); *Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.,* No. 01–09–00855–CV, 2010 WL 376076, at *1 (Tex.App.-Houston [1st Dist.] Feb. 4, 2010) (mem.op.) *supplemented,* 2010 WL 1509287 (Tex.App.-Houston [1st Dist.] Apr. 15, 2010, no pet.). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 161 (Tex.2004). If resolution of the issue requires us to construe statutory language, we review statutory construction *de novo. Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433, 437 (Tex.2009); *Ashkar,* 2010 WL 376076, at *1. Once we determine the proper construction of the statute, we determine whether the trial court abused its discretion in the manner in which it applied the statute to the instant case. *Ashkar,* 2010 WL 376076, at *1; *Palladian Bldg. Co. v. Nortex Found. Designs, Inc.,* 165 S.W.3d 430, 436 (Tex.App.-Fort Worth 2005, no pet.).

### Standard for Statutory Construction

In construing Section 150.002, our primary goal is to determine and give effect to legislative intent. *Williams,* 315 S.W.3d at 106 (citing *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003)).

The Legislature's intent must be derived from the express terms of the statute when possible. *Ashkar,* 2010 WL 376076, at *2; TEX. GOV'T CODE ANN. § 311.023 (West 2005). We look to the plain and common meaning of the words the Legislature used unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results. *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625–26 (Tex.2008); *Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex.2004). We may also consider the objective the Legislature sought to achieve through the statute, as well as the consequences of a particular construction. *HCBeck, Ltd. v. Rice,* 284 S.W.3d 349, 352 (Tex.2009); *Tex. Dep't of Transp.,* 146 S.W.3d at 642.

### TDI's Motion to Dismiss

#### A. Applicable Law

As an initial matter, we note that Section 150.002 was amended by the Legislature during the time between Rivera's original filing of suit and Rivera's re-assertion of claims against TDI in his fifth amended and subsequent petitions. *Compare* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002 with Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (formerly codified at TEX. CIV. PRAC. & REM.CODE § 150.002, amended 2009); Act of May 12, 2005, 79th Leg., R.S., ch. 189, §§ 1–2, 2005 Tex. Gen. Laws 348, 348 (formerly codified at TEX. CIV. PRAC. & REM.CODE § 150.002, amended 2009). Neither party argues that the current version of the statute applies to Rivera's post-nonsuit assertion of claims against TDI in 2010; because both parties agree that the 2005 version of the statute governs all issues, we apply the 2005 version of the statute.[2]

**2.** The 2009 amendments to the statute became effective in September 2009 and apply to "any action or arbitration filed or commenced on or after the effective date[.]" *See* Act of June 19, 2009, 81st Leg., R.S., ch. 789

Former Chapter 150 applies to "any action or arbitration proceeding for damages arising out of the provision of professional services" by a licensed engineering firm like TDI.2005 Tex. Gen. Laws at 348, 370 (formerly codified at TEX. CRV. PRAC. & REM.CODE § 150.002). The plaintiff in such an action is required to file a particular kind of affidavit, often referred to as a "certificate of merit," contemporaneously with the complaint or, under certain specified conditions, within 30 days after the complaint. *Id.* The certificate of merit required by the statute is an affidavit from a third-party professional who holds the same license as the defendant. *Id.* For example, a plaintiff bringing suit against an engineer on the basis of professional engineering services must file a supporting affidavit from a licensed engineer. Under the 2005 version of the statute, the affidavit must "set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim." *Id.* Under both versions of the statute, failure to file a certificate of merit in accordance with the statute "shall result in dismissal," which dismissal "may be with prejudice." *Id.*

### B. Which Petition Governs?

■ In determining the nature of a party's claims with respect to Chapter 150, we look to the allegations in the party's pleadings. *E.g., UOP,* 2010 WL 2026037, at *3; *Ashkar,* 2010 WL 376076, at *7; *Natex Corp. v. Paris Indep. Sch. Dist.,* 326 S.W.3d 728, 734 (Tex.App.-Texarkana 2010, pet. filed). Here, the parties dispute which petition we should look to in determining this appeal. TDI argues that the original petition pled claims within the scope of Chapter 150 and that Rivera's failure to timely file a certificate of merit with respect to that petition entitles TDI to dismissal of all of Rivera's subsequently

pled claims against TDI. Rivera argues that the live pleadings govern, citing *UOP,* 2010 WL 2026037, at *1 (reviewing the live pleading at the time of the dismissal order) and *Consol. Reinforcement, L.P. v. Carothers Executive Homes, Ltd.,* 271 S.W.3d 887, 894 (Tex.App.-Austin 2008, no pet.) (same).

■ We will look to Rivera's live pleadings at the time of the motion to dismiss to determine whether Rivera's claims against TDI fall within the scope of Chapter 150. *Cf. UOP,* 2010 WL 2026037, at *3; *Consol. Reinforcement,* 271 S.W.3d at 891. If Rivera's claims against TDI are governed by Chapter 150, we will address TDI's argument that Rivera was required to file a certificate of merit with his original petition and, by failing to do so, is barred from filing claims against TDI in subsequent petitions. If Rivera's claims against TDI do not fall within the scope of Chapter 150, they are not barred by the statute. Texas courts of appeals have consistently declined to require the dismissal of non-Chapter 150 claims based on the plaintiff's failure to comply with Section 150.002 with respect to covered claims. *Landreth v. Las Brisas Council of Co–Owners, Inc.,* 285 S.W.3d 492, 500 (Tex.App.-Corpus Christi 2009, no pet.) (plaintiff's failure to comply with Section 150.002 with regard to claims covered by Chapter 150 did not require dismissal of plaintiff's other, non-Chapter 150 claims); *Consol. Reinforcement, LP,* 271 S.W.3d at 895 (same); *Gomez v. STFG, Inc.,* No. 04–07–00223–CV, 2007 WL 2846419, *3–4 (Tex.App.-San Antonio Oct. 3, 2007, no pet.) (mem. op.) (same).

### C. Do Rivera's Claims Against TDI Implicate Section 150.002?

At the time of the trial court's order on TDI's motion to dismiss, Rivera had two

§ 3, 2009 Tex. Gen. Law 1989, 1989–1990

(effective Sept. 1, 2009).

live claims against TDI: negligence and premises liability. Rivera argues that it did not need to file a certificate of merit for these claims because Section 150.002 applies only to negligence claims arising out of professional services and its claims against TDI do not fall in that category. TDI does not address Rivera's live pleadings expressly, focusing instead on Rivera's original petition and fifth amended petition, but argues by implication that Chapter 150 does apply because TDI is a licensed professional engineering firm and Rivera's claims arise out of its "provision of professional services" at the convention center. We conclude that the trial court did not abuse its discretion in determining that Rivera's negligence and premises liability claims against TDI fall outside of the category of claims governed by Section 150.002.

### 1. Negligence

■ Former Section 15.002's certificate of merit requirement applies to "any action or arbitration proceeding for damages arising out of the provision of professional services" by a "licensed or registered professional." 2005 Tex. Gen. Laws at 348, 370. It is uncontested that TDI is a licensed, professional engineering firm within the statutory definition of a "licensed or registered professional." *Id.* at 348. The question, then, is whether Rivera's negligence claims "aris[e] out of the provision of professional services" by TDI within the meaning of the statute. *Id.* at 370.

■ To determine whether claims "aris[e] out of the provision of professional [engineering] services" within the meaning of Section 150.002(a), we look to the definition of the practice of engineering in the Texas Occupations Code. *UOP*, 2010 WL 2026037, at *5 (citing *Ashkar*, 2010 WL 376076, at *9; *Williams*, 315 S.W.3d at 107–09). The Occupations Code defines the practice of engineering as the perform-

ance of "any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work." Tex. Occ.Code Ann. § 1001.003(b) (West Supp. 2009). The practice of engineering includes, among other things, design of engineering works or systems; engineering for construction of real property; engineering for preparation of operating or maintenance manuals; and "any other professional service necessary for the planning, progress, or completion of an engineering service." *Id.* § 1001.003(c).

The Texas courts of appeals have held that a claim "arises out of the provision of professional [engineering] services" if the claim implicates the engineer's education, training, and experience in applying special knowledge or judgment. *E.g.*, *Williams*, 315 S.W.3d at 108 (holding that claims based on alleged overbilling did not implicate a professional engineer's education, training, and experience in applying special knowledge or judgment); *Consol. Reinforcement*, 271 S.W.3d at 894–95 (holding that plaintiff's claims for breach of contract, deceptive trade practices and breach of warranty did not implicate a professional engineer's education, training, and experience in applying special knowledge or judgment); *Gomez*, 2007 WL 2846419, at *3 (holding that claims for tortious interference, conspiracy, breach of contract, wrongful termination, and breach of fiduciary duty, loyalty, and good faith and fair dealing did not require certificate of merit because they did not "implicate a professional engineer's education, training, and experience in applying special knowledge or judgment.").

Rivera's negligence claim against TDI rests on the allegation that a TDI employ-

ee, who does not hold any professional engineering license, was operating the freight elevator at the time of Rivera's injury and acted negligently by (1) failing to keep a proper lookout for Rivera's safety, (2) turning on the elevator when it was unsafe to do so, (3) pressing a button inside the elevator that made the door strike Rivera's head, and (4) failing to contact the maintenance company to repair the elevator. In light of Rivera's pleadings, we conclude that the trial court was within its discretion in determining that the negligent conduct alleged by Rivera does not implicate a professional engineer's education, training, and experience in applying special knowledge or judgment. *See Williams*, 315 S.W.3d at 108; *Gomez*, 2007 WL 2846419, at *3. We do not take the position that operation of a freight elevator could never implicate a engineer's specialized knowledge or judgment; there is simply a reasonable basis for the trial court to determine that the circumstances pled by Rivera do not implicate such knowledge or judgment, particularly in light of the uncontested allegation that the employee in question did not hold an engineering license.

We conclude that the trial court did not abuse its discretion in determining that Rivera's negligence claim against TDI

does not "aris[e] out of the provision of professional services by a licensed or registered professional." *See* 2005 Tex. Gen. Laws at 370; *cf. Williams*, 315 S.W.3d at 108; *Gomez*, 2007 WL 2846419, at *3.

## 2. Premises Liability

■ Rivera argues that premises liability claims are not governed by Section 150.002 because Chapter 150 governs professional negligence claims and premises liability claims that are based on a simple negligence standard. We consider the narrower question of whether Rivera's premises liability claim pled against TDI "aris[e] out of the provision of professional services by a licensed or registered professional" because this is the test for application of the certificate of merit requirement stated in the statute.[3] TEX. CIV. PRAC. & REM.CODE § 150.002(a); Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370.

Rivera's premises liability claim against TDI is based on allegations that: (1) TDI had control over the convention center; (2) the freight elevator "whose door would come down unexpectedly," constituted an unreasonably dangerous condition on the premises that proximately caused Rivera's injury; (3) TDI had actual or constructive knowledge of the dangerous condition;

---

3. Rivera points out that this Court and other courts of appeals have interpreted the 2005 version of Section 150.002 as applying only to claims based on a "negligent act, error or omission." *E.g., Williams*, 315 S.W.3d at 107–08; *Landreth v. Las Brisas Council of Co-Owners*, 285 S.W.3d 492, 500 (Tex.App.-Corpus Christi 2009, no pet.); *Consol. Reinforcement*, 271 S.W.3d at 892; *Kniestedt v. Sw. Sound and Elecs., Inc.*, 281 S.W.3d 452, 455 (Tex.App.-San Antonio 2007, no pet.). Because it is not determinative of the claims here—each of which include an allegation of a negligent act or omission by TDI—we do not address this issue. We note, however, that language in the statute central to the analysis in these cases was changed by the

Legislature in the 2009 amendments. *Compare* Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (requiring that the certificate of merit "set forth specifically at least one negligent act, error, or other omission claimed to exist and the factual basis for each such claim") *with* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(b) (requiring an affidavit that the certificate of merit "set forth specifically the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim").

and (4) TDI failed to warn of or make safe the dangerous condition. These pleadings do not clearly establish that Rivera's claims against TDI implicate an "engineer's education, training, and experience in applying special knowledge or judgment," so as to arise out of the provision of professional engineering services. *Cf. Williams,* 315 S.W.3d at 108; *Consol. Reinforcement,* 271 S.W.3d at 890; *Gomez,* 2007 WL 2846419, at *3. We conclude that the trial court was within its discretion in deciding that Rivera's claims are not within the scope of Chapter 150.

Although both parties rely heavily on evidence filed in support or opposition of the motion to dismiss, TDI has taken the position—both at the hearing on the motion to dismiss and on appeal—that the trial court may not consider discovery or other evidence outside of Rivera's pleadings in determining whether Chapter 150 applies to Rivera's claims, citing *Landreth,* 285 S.W.3d at 498. TDI's reliance on *Landreth* is misplaced. The discussion TDI cites from Landreth relates to the trial court's analysis of the sufficiency of a certificate of merit to comply with the statute. *Id.* The *Landreth* court concluded that the certificate of merit must comply with the statute in its own right—i.e., within the four corners of the affidavit. *Id.* at 498–500. The *Landreth* court did not hold that the trial court is limited to the plaintiff's pleadings in determining whether or not Chapter 150 applies to the plaintiff's claims. *See id.*

We conclude that the trial court acted within its discretion in determining that Rivera's premises liability claims against TDI did not implicate Section 150.002's certificate of merit requirement.

### Issues Not Reached

Because we conclude that the trial court did not abuse its discretion in determining that Rivera's claims against TDI are not

governed by Chapter 150 of the CPRC, we do not reach the issues of whether Rivera's failure to file a certificate of merit with his original petition precluded Rivera from bringing subsequent Chapter 150 claims against TDI or whether Rivera's certificate of merit satisfied the requirements of Section 150.002 with respect to TDI.

### Conclusion

We affirm the trial court's denial of TDI's motion to dismiss and remand the case for further proceedings.