Opinion issued April 29, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01087-CV

———————————

Howe-Baker Engineers, Ltd. and CB&I, Inc., Appellants

V.

Enterprise
Products Operating, LLC, Appellee



 



 

On Appeal from the 129th District Court

Harris County, Texas



Trial Court Case No. 2008-04685

 



 

MEMORANDUM  OPINION

          Appellants
Howe-Baker Engineers, Ltd. and CB&I, Inc. bring this interlocutory appeal
from the trial court’s order denying their motion to dismiss a lawsuit brought
against them by appellee Enterprise Products Operating, L.L.C.  Howe-Baker and CB&I contend that the
underlying case is a suit for damages arising out of the provision of
professional engineering services and that although Enterprise filed a certificate
of merit, it failed to comply with the applicable version of Texas Civil
Practice and Remedies Code section 150.002. 
See Act of May 18, 2005,
79th Leg., R.S., ch. 208, 2005 Tex. Gen. Laws 369, 370 (amended 2009) (current
version at Tex. Civ. Prac. & Rem.
Code Ann. § 150.002 (West 2011)). 
Because we conclude that the affidavit was adequate to support
Enterprise’s lawsuit, we affirm.

I.                 
Background

Enterprise entered into a single
contract with Howe-Baker for engineering design, procurement, construction management,
and construction services to build two gas-processing plants in Wyoming and
Colorado.  Over two years later,
Enterprise filed suit seeking to recover fees it allegedly overpaid and to
recover damages for additional out-of-pocket construction costs.  The original petition included causes of
action for breach of contract, negligent misrepresentation, fraud and
fraudulent inducement, and a declaratory judgment that Enterprise satisfied its
obligations under the contract, paid its fees in full, and did not owe
Howe-Baker any additional fees.  A
supporting affidavit from a professional engineer was attached to Enterprise’s original
petition.

Howe-Baker countersued Enterprise
for breach of contract, suit on a sworn account, and declaratory judgment, seeking
payment of more than $14 million in fees.  Approximately ten months after the suit was
initially filed, Enterprise filed its first amended petition joining CB&I
as a vicariously liable additional defendant and alleging that Howe-Baker and
CB&I were alter egos of each other.  A
year later, Howe-Baker and CB&I filed a motion to dismiss, arguing that the
trial court should dismiss Enterprise’s lawsuit because the professional
engineer’s affidavit did not satisfy the requirements of Civil Practice and Remedies
Code section 150.002, which requires the filing of a certificate of merit
“in any action for damages alleging professional negligence by a licensed or
registered professional.”  After a
hearing, the trial court denied the motion to dismiss.  It is from this decision that Howe-Baker and
CB&I appeal.

II.              
Analysis

An order granting or denying a
motion to dismiss for failure to file a certificate of merit is immediately
appealable.  See Tex. Civ. Prac. &
Rem. Code Ann. § 150.002(f); UOP, L.L.C. v. Kozak,
No. 01-08-00896-CV, 2010 WL 2026037, at *3 (Tex. App.—Houston [1st Dist.] May
20, 2010, no pet.) (mem. op.).  We review
the trial court’s order granting or denying a motion to dismiss for abuse of
discretion.  See TDIndustries, Inc. v.
Rivera, No. 01-10-00812-CV, 2011 WL 1233470, at *1 (Tex. App.—Houston [1st
Dist.] Mar. 31, 2011, no. pet. h.).  A
trial court abuses its discretion when it acts arbitrarily or unreasonably,
without reference to guiding rules and principles.  See id.

Enterprise’s third amended petition
was the live petition at the time the trial court considered and denied the
motion to dismiss.  The allegations
contained in the live petition can be summarized as follows:

·       
The parties initially agreed to compensation on a time-and-materials
basis, and Howe-Baker represented that it would strictly conform to the
contract’s requirements and work efficiently;

·       
Howe-Baker was inefficient, failed to comply with specifications, and
regularly replaced experienced personnel with new personnel unfamiliar with the
projects, thus creating inefficiencies and duplicative work;

·       
Howe-Baker charged Enterprise for inefficiencies and duplicative work and
“grossly over-billed and overcharged Enterprise for its work on the projects”;

·       
Contrary to its express representation, Howe-Baker did not have
sufficient personnel to perform the services required by the contract, and the
use of temporary personnel caused inefficiencies, tremendously poor quality of
work, and delay;

·       
Howe-Baker’s failure to commit adequate personnel to the projects caused
it to fall behind schedule;

·       
Howe-Baker promised to complete one of the projects on schedule if
Enterprise would commit to a retroactive rate increase; 

·       
Howe-Baker continued rotating personnel on and off the project,
continuing the inefficiencies; 

·       
Howe-Baker negligently or intentionally issued drawings that it knew were
not ready for construction or fabrication;

·       
Howe-Baker failed to inform Enterprise that the construction drawings it
issued were defective, that CB&I had failed to perform necessary stress
analysis of the design, and that 90% of the drawings would later be revised;

·       
Howe-Baker knew Enterprise was relying on the construction and
fabrication drawings it issued;

·       
Enterprise incurred significant additional costs because repeatedly
issued and reissued drawings resulted in unnecessarily wasted fabrication and
construction;

·       
Because of Howe-Baker’s actions, Enterprise paid millions of dollars in
fees that it would not otherwise have paid;

·       
Enterprise incurred millions of dollars in additional material
expenditures, labor costs, contractor fees, fabrication costs, and extended
overhead for its contractors.

Based on the foregoing, Enterprise pleaded causes of
action for breach of contract, negligent misrepresentation, fraud and
fraudulent inducement, declaratory judgment, alter ego, and conspiracy.  Enterprise also separately alleged that CB&I
had tortiously interfered with its contracts.

Although the parties dispute whether a certificate of merit
was even necessary, Enterprise attached an engineer’s affidavit to its original
petition.  Harmon L. Kirkpatrick, P.E.,
submitted an affidavit which described his qualifications, as will be
considered in detail below.  The
substance of the affidavit concentrated on engineering services provided, as
described by Kirkpatrick, by “Howe-Baker Engineers Ltd. d/b/a Chicago Bridge
& Iron,” a reference to Howe-Baker although the remainder of the affidavit referenced
that entity as “CB&I.”  The affidavit
also focused on only one of the two construction projects governed by the
agreement with Enterprise, the design and construction of the Pioneer Gas Plant
located near Opal, Wyoming.

Kirkpatrick stated in his affidavit that he reviewed
engineering drawings drafted by Howe-Baker for the Pioneer project, along with
various related technical documents. 
Based on his review of documents and discussions with knowledgeable
members of the project team, he stated that Howe-Baker initiated an unusually
large number of engineering changes that could significantly increase the cost
and time necessary to complete the project. 
He further stated that Howe-Baker prepared a flawed design for two
high-pressure pipeline injection pumps, in violation of a piping code with
respect to flange pressure ratings.  Kirkpatrick
specifically identified three alleged acts, errors, or omissions of Howe-Baker
on the Pioneer project, including failures to properly design a pipeline pump
system, to use proper piping specifications, and of various engineering
functions to properly coordinate design and avoid inconsistency between
engineered equipment items and the discharge piping system design.  He also stated that Howe-Baker failed to
produce engineering documents that satisfied the applicable piping code, and
that its failure to properly design the details in the engineering documents
could have led, in part, to a system that would not work properly.  He concluded that these acts, errors, or
omissions demonstrate that Howe-Baker failed to meet applicable work product
standards of design professionals and registered engineers within a reasonable
degree of engineering probability.

Howe-Baker and CB&I complain
that this affidavit was inadequate to satisfy section 150.002 for three
reasons.  They contend that Kirkpatrick
failed to satisfy the statutory requirement that he practice “in the same area of
practice as the defendant,” that the
affidavit fails to specifically assign error to CB&I, and that the affidavit
fails to address claims relating to one of the two gas-processing plant
projects.  Appellants argue that each of
these alleged deficiencies requires the dismissal of Enterprise’s live petition
in its entirety.  We consider each
argument in turn.

a.     Affiant’s qualifications

Section 150.002, as amended in 2005,
is the version of the statute that applies to this case.  Enterprise’s petition was required to be supported by “an
affidavit of a third-party licensed architect, registered professional land
surveyor, or licensed professional engineer.” 
Then as now, it required the
filing of a certificate of merit only in actions or arbitration proceedings
“for damages arising out of the provision of professional services by a
licensed or registered professional.”  Act
of May 12, 2005, 79th Leg., R.S., ch. 189, § 2, 2005 Tex. Gen. Laws
348, 348; Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005
Tex. Gen. Laws 369, 370 (current version at Tex.
Civ. Prac. & Rem. Code Ann. § 150.002(a)).  The affiant was required to be “competent to
testify,” hold “the same professional license” as the defendant, and practice
“in the same area of practice as the defendant.”  Act
of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws
369, 370.  The affiant was also required
to “be licensed in this state and actively engaged in the practice of
architecture, surveying, or engineering.”  Act
of May 12, 2005, 79th Leg., R.S., ch. 189, § 2, 2005 Tex. Gen. Laws
348, 348.

The only complaint on appeal about Kirkpatrick’s
qualifications is that Howe-Baker and
CB&I contend that he does not practice in the same area of engineering as
they do.  They contend that the affidavit
fails to establish that he “is currently engaged in the practice of designing
cryogenic natural gas-processing plants, much less the design of any industrial
facilities,” as they purportedly have been at all relevant times.  Instead, they characterize Kirkpatrick’s sole
area of engineering practice as providing consulting and litigation support and
his sole experience as managing and supervising similar projects almost twenty
years ago.

Enterprise argues in response that the appellants take too
narrow a view of the qualifications necessary to satisfy the statute.  It contends that the appellants describe
their own “area of practice” too narrowly, failing to acknowledge the broader
areas of practice that they share with the affiant.  As to his own qualifications, Kirkpatrick’s
affidavit referenced an attached resume. 
He stated in the affidavit that the resume correctly lists his education
and background experience.  The first
sentence of the resume describes his experience as being “in the refining,
petrochemical, gas processing and chemical process industries.”  The resume describes his current job as
providing “consulting and litigation support services for attorneys,
corporations and insurance carriers, which are primarily related to petroleum,
chemical and energy facilities.”  His
assignments are described as ranging “from technical investigations to process
and project engineering and to economic and safety aspects of operating plants,
both domestic and overseas.”  Among
specifically listed types of assignments listed on the resume are:

·       
“Construction
disputes — evaluation of construction performance, progress
monitoring”;

·       
“Engineering
disputes — evaluation of engineering errors & omissions,
progress monitoring”;

·       
“Engineering
error analysis — evaluation of adequacy of proposed ‘fixes’”; and

·       
“Business interruption
cost analysis & BI mitigation analysis.”

An
extensive list of “types of plants” includes “gas plants,” “gas
treating/processing,” and “large process gas compressors.”  Enterprise also notes that the affidavit
established that in connection with its preparation, Kirkpatrick reviewed
engineering drawings and other technical documents related to one of the plant
projects, and as a registered professional engineer, he routinely uses the same
kinds of documents on heavy industrial projects.

The statute specifically requires that the affiant be
“competent to testify,” Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), and accordingly it is instructive to consider the
standard used to evaluate the qualifications necessary to support expert
opinion testimony.  In that context, “[w]hat
is required is that the offering party establish that the expert has ‘knowledge,
skill, experience, training, or education’ regarding the specific issue before
the court which would qualify the expert to give an opinion on that particular
subject.”  Broders v. Heise, 924 S.W.2d 148, 153 (Tex. 1996) (quoting Tex. R. Evid. 702).  Likewise, any analysis of whether a section 150.002 affiant is “practicing in the
same area of practice as the defendant” for purposes of the statute requires
some consideration of the fit between the relevant practice area of the expert
and the substance of the affidavit.  In
other words, the affiant and the defendant must share a practice area,
evaluated at a level of generality appropriate to the nature of the negligent
act, error, or omission being identified. 
Cf. id.

Accordingly, an evaluation of whether the affiant and the
defendant share the “same area of practice” for purposes of section 150.002 requires comparison of
the allegations in the petition, each alleged supporting “negligent act, error,
or omission” identified in the affidavit, and the relevant practice areas of
the affiant and the defendant in relation to the supporting statements identified
in the affidavit.  In reviewing a
trial court’s denial of a section 150.002
motion to dismiss, we must review the record “in the light most
favorable to the court’s ruling.”  Natex Corp. v. Paris Indep. Sch. Dist.,
326 S.W.3d 728, 737 (Tex. App.—Texarkana 2010, pet. filed); cf. Broders,
924 S.W.2d at 151 (“The qualification of a witness as an expert is within the
trial court’s discretion.”).

Here, Enterprise’s live petition at the time of the trial
court’s ruling stated claims for breach
of contract, negligent misrepresentation, fraud and fraudulent inducement, and
tortious interference.  In support of
those claims, Enterprise alleged that Howe-Baker failed to staff the projects
appropriately; failed to perform work timely, efficiently, or in conformance
with contract requirements; issued defective construction drawings; and
overcharged for its work.  Enterprise
alleged that it incurred increased costs as a result.  In support of the petition, Kirkpatrick’s
affidavit stated that Howe-Baker initiated an unusually large number of
engineering changes that could significantly increase costs, prepared flawed
designs for pump and piping systems, and failed to properly coordinate various
aspects of the design work.  He concluded
that the identified errors represented a failure to meet applicable work
product standards of design professionals and registered engineers within a
reasonable degree of engineering probability.

The record reflects that the trial court could have
reasonably concluded that Kirkpatrick, Howe-Baker, and CB&I shared the same
“area of practice” as it relates to the allegations in the petition and the
supporting statements in the affidavit.  Kirkpatrick
is a registered professional engineer with general experience in the
gas-processing industry and specific experience with technical investigations,
process and project engineering, and economic aspects of operating plants.  His experience includes evaluation of
construction performance, engineering errors and omissions, and the effects of
business interruptions.  This area of
practice relates to and overlaps with the appellants’ general areas of practice
in the field of engineering design services.  They have failed to articulate any specific
argument to support their contention that Kirkpatrick’s work in their shared
area of practice has no application to their claim to practice in a more
specialized field relating to cryogenic
natural gas processing plants and the design of industrial facilities.  Accordingly, we conclude that the trial
court’s ruling should not be disturbed on the basis of any objection to the
qualifications of the section 150.002 affiant.

b.    Lack of negligent act, error, or
omission assigned to CB&I

Howe-Baker and CB&I contend
that Kirkpatrick’s affidavit is wholly defective because it fails to assign any
negligent act, error, or omission to CB&I in its separate capacity.  To the extent they read the statute, as they
have argued, to specifically require such information as to each individual
defendant, their interpretation is mistaken. 
Section 150.002 requires that the affidavit “shall set forth
specifically at least one negligent act, error, or omission claimed to exist
and the factual basis for each such claim.” 
The statute does not specifically require assignment of one such
negligent act, error, or omission to each defendant, and the significance of
that is plain in the context of Enterprise’s petition, which also does not
premise its relevant claims on wrongful acts specifically attributed to
CB&I.  

The only claim against CB&I
based upon that company’s own actions is a claim that CB&I tortiously
interfered with Enterprise’s contracts with general contractors and with
Howe-Baker by transferring personnel from the Enterprise projects to other assignments
that were more lucrative for CB&I. 
This particular claim of tortious interference challenges CB&I’s
alleged decisions about the assignment of its employees, and it therefore does
not require a supporting affidavit because it does not arise out of the
provision of professional engineering services. 
See, e.g., TDIndustries,
2011 WL 1233470, at *4 (claim arises out of the provision of professional
engineering services “if the claim implicates the engineer’s education,
training, and experience in applying special knowledge or judgment”); see
also S & P Consulting
Eng’rs, PLLC v. Baker, No. 03-10-00108-CV, 2011 WL 590435, at *9 (Tex. App.—Austin
Feb. 18, 2011, no pet.) (en banc). 
The remainder of Enterprise’s claims against CB&I are premised
entirely on allegations of vicarious liability for actions of Howe-Baker, in
this case theories of alter ego and conspiracy. 
We hold that section 150.002 did not require the plaintiff’s
supporting affidavit to set forth a negligent act, error, or omission
attributed to a defendant whose alleged liability for a claim covered by the
statute is entirely vicarious of the alleged liability of another defendant as
to which the affidavit did satisfy the statute.

c.     
Lack of
negligent act, error, or omission related to Colorado project

Finally, Howe-Baker
and CB&I contend that Kirkpatrick’s affidavit is wholly defective because
it identifies alleged negligent acts, errors, or omissions with respect to one
but not both of the construction projects identified as the subject of the
contract at issue in Enterprise’s petition. 
The appellants contend that the Meeker Project located in Colorado was
an entirely different construction project from the Pioneer Project discussed
in Kirkpatrick’s affidavit, and therefore separate supporting allegations of a
negligent act, error, or omission were required as to that project.  This argument misconstrues the nature of the
claims asserted by Enterprise, which are not directed toward specific errors
committed with respect to one or the other of the two projects, but instead are
directed toward an alleged breach of the one contract that governed both projects
and toward misrepresentations and fraud relating to that single contract.  Section 150.002 does not require a supporting
affidavit for every factual allegation in a petition, but instead it requires
the identification of “at least one” negligent act, error, or omission in order
for the lawsuit to proceed.  The Kirkpatrick
affidavit satisfied that requirement and therefore was not defective for lack
of specific reference to the Meeker Project.

III.          
Conclusion

We
conclude that the trial court acted within its discretion by denying the motion
to dismiss Enterprise’s petition pursuant to section 150.002 for lack of a supporting affidavit.  Because of our holding in this regard, it is
unnecessary for us to reach the other issues raised by the appellants
concerning whether the affidavit was required as to some or all of Enterprise’s
claim or whether a deficiency in the affidavit, if one existed, would have
required dismissal of some or all of the claims.  Accordingly, we affirm the interlocutory
ruling of the trial court.  All pending
motions are denied as moot.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Massengale.