**Opinion issued August 2, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00967-CV

———————————

## V.R. & SONS, L.P. AND VINOD GUPTA, Appellants

## V.

## CIVE CONSULTING, INC. AND STEVE WILLIAMS, Appellees

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-81977**

## MEMORANDUM OPINION

Appellants V.R. & Sons, L.P. and Vinod Gupta appeal from the trial court's order dismissing their claims against appellees CIVE Consulting, Inc. and Steve Williams because they failed to file a certificate of merit in accordance with

Chapter 150 of the Texas Civil Practice and Remedies Code. Appellants contend that their claims were not actions for damages arising out of the provision of professional services by a licensed or registered professional and, therefore, no certificate of merit was required. Because we conclude that a certificate of merit was required but not filed, we affirm the trial court's order.

## Background

Appellant Vinod Gupta, as "owner," entered into a standardized form agreement with J.J.P. Homes & Construction, Inc., as "contractor," for completion of the construction of a discount suite hotel. The agreement required the owner to make progress payments to the contractor, and it stated that an architect—identified in the contract as appellee CIVE Consulting—would review the contractor's work as described in the applications for payment and certify to the owner the amount of money owed. Appellee Steve Williams was CIVE Consulting's principal representative on the project.

Williams initially inspected the project to determine the remaining work to be completed by the contractor. Nearly two weeks later, he conducted another inspection to evaluate the work completed since the prior inspection and the work remaining on the project. That day, Williams signed a document entitled "Contractor's Application for Payment," which indicated a total contract price of $2,300,000.00 and a "current payment due" of $200,436.13. However, the

2

document also indicated "0.00% of Completed Work." Gupta did not pay the contractor as requested in the Contractor's Application for Payment.

Gupta alleges that he subsequently learned that the contractor had performed sub-standard construction, submitted false invoices, failed to acquire proper permits, failed to replace electrical wiring, and failed to pay subcontractors, all of which resulted in the filing of liens against the property. Thus he terminated the agreement with the contractor, allegedly for cause. Thereafter the contractor filed a mechanic's lien against the property in the amount of $219,022.42.

Nearly a year later, Gupta sued the contractor for breach of contract and other causes of action related to the project. Appellant V.R. & Sons, L.P. also joined in the petition as a plaintiff, although the record before us does not disclose the particular role of that entity in the dispute. After conducting some discovery, Gupta and V.R. & Sons, L.P. (collectively, the "owners"), filed an amended petition and joined CIVE Consulting and Williams (collectively, the "architects") as defendants. The owners alleged, among other things, that the architects committed negligence by breaching a duty to properly inspect the work performed by the contractor and by failing to properly certify applications for payment.

The architects filed a motion to dismiss, arguing that the owners were required to file a certificate of merit and failed to do so. They specifically argued in their motion that Williams is a licensed professional engineer, and that his

3

performance of professional services formed the basis for the owner's claims against them. In response, the owners argued that the certificate-of-merit requirement in Chapter 150 did not apply to CIVE Consulting, on the theory that it is not a person, and therefore it is not a "licensed or registered professional." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a). The owners also argued that Williams was not being sued for professional negligence but for breach of contract, promissory estoppel, fraud, breach of fiduciary duty, and negligence in his role as an inspector and architect. They further contended that neither CIVE Consulting nor Williams were licensed architects. Accordingly, they argued, Chapter 150 did not apply to their claims and they were not required to file a certificate of merit.

The trial court granted the motion to dismiss, and the owners filed this interlocutory appeal.

## Analysis

An order granting or denying a motion to dismiss for failure to file a certificate of merit is immediately appealable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (West 2011). We review a trial court's order denying a motion to dismiss for abuse of discretion. *See, e.g.*, *Carter & Burgess, Inc. v. Sardari*, 355 S.W.3d 804, 808 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *TDIndustries, Inc. v. Rivera*, 339 S.W.3d 749, 752 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably,

4

without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). To the extent we are required to interpret a statute, that aspect of our review is performed de novo. *Carter & Burgess*, 355 S.W.3d at 809.

A plaintiff is required to file a certificate of merit in "any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a). In this context, a "licensed or registered professional" includes "a licensed professional engineer . . . or any firm in which such licensed or registered professional practices . . . ." *Id.* § 150.001(1). For purposes of Chapter 150, the "[p]ractice of engineering" has the meaning assigned by relevant provisions of the Texas Occupations Code. *Id.* § 150.001(3). If a plaintiff's claim for damages implicates the special knowledge and training of a licensed professional engineer, it is a claim for damages arising out of the provision of professional services. *See, e.g.*, *Carter & Burgess*, 355 S.W.3d at 809–12.

The owners asserted claims seeking damages from the architects. Thus, to determine if a certificate of merit was required, we must decide whether CIVE Consulting and Williams were licensed or registered professionals under the statute, and if so, whether the owners' claimed damages arose from their provision of professional services. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a).

5

The owners contend that CIVE Consulting and Williams agreed to perform services as the "architect" as contemplated under the construction contract. As such, they argue that their claim against CIVE Consulting and Williams does not arise from any engineering services, despite the fact that Williams is a registered engineer. Rather, they argue that their suit results from his work as an inspector and architect. They also argue that no certificate of merit was required because CIVE Consulting is not a licensed architect.

As a licensed professional engineer, Williams qualifies as a "licensed . . . professional" for purposes of Chapter 150. *Id*. § 150.001(1). Because CIVE Consulting was the firm in which Williams practiced, CIVE Consulting also qualifies as a "licensed professional." *See id.* (defining "licensed or registered professional" to include "a . . . licensed professional engineer . . . or any firm in which such licensed or registered professional practices . . ."). The owners argue that documents related to the construction project referred to Williams's role as "architect." But the label applied to the role performed by CIVE Consulting and Williams is not dispositive of whether they, as "architects," qualified as "licensed . . . professionals" for purposes of Chapter 150's requirement of a certificate of merit requirement, which applies to claims for damages arising out of professional services provided licensed professional engineers. *See id*.

6

§ 150.002(a). To make that determination, we must consider the nature of the services at issue.

In *UOP, L.L.C. v. Kozak*, No. 01-08-00896-CV, 2010 WL 2026037 (Tex. App.—Houston [1st Dist.] May 20, 2010, no pet.) (mem. op.), plaintiff Kozak sued defendant UOP in its capacities as both designer and general contractor. Kozak contended that no certificate of merit was required as to its allegations against UOP in its capacity as general contractor. *UOP*, 2010 WL 2026037, at *7. But our court concluded that the claims were based on UOP's professional expertise regardless of whether UOP was acting as a designer or a general contractor. *Id.* Because Kozak's claims as alleged in the petition implicated a professional engineer's education, training, and experience in applying special knowledge or judgment, Kozak's claims were held to be ones arising out of the provision of professional services regardless of whether the petition alleged that UOP had acted as a designer or as a general contractor. *Id.* at *7–8.

Applying the analysis in *UOP*, we examine the specific allegations and compare them with the statutory definition of the practice of engineering to determine if the claims implicate the provision of professional services. The owners alleged that they hired CIVE Consulting "as the architect" for their construction project and that Williams "was the principal representative for CIVE Consulting, Inc. on the project." They attached and incorporated by reference a

7

copy of the agreement between Gupta and the contractor, which listed CIVE Consulting as the architect and which identified the building specifications, which were incorporated into the contract, as "original specifications and drawings designed by JG Designs, dated 2006" and "[e]ngineering plans with CIVE Consulting including original and modified plans." The agreement contemplated that the "architect" would review the contractor's work as described by applications for payment and certify to the owners the amount of money owed as a progress payment based on the work completed.

The petition alleged that Williams "conducted inspections of the project to determine what work was to be performed by [the contractor] . . . and to determine amount of work completed since the last inspection. . . ." It stated that Williams "signed a contractor's application for payment regarding work performed on the project representing that no amount of work performed was certified for payment." The owners further alleged that CIVE Consulting and Williams:

> failed to properly inspect the alleged work performed by [the contractor] and are now representing that the November 17, 2008 Contractor's Application for Payment certifies the "percentage" of work performed by [the contractor] as stated in the application, limited only to the percentage of work done for the mechanical, electrical and plumbing, and not the "amount" of the work performed.

The petition also alleged that CIVE Consulting and Williams breached "a duty to properly inspect alleged work performed by [the contractor] and to properly certify applications of payment for work performed on the project by [the contractor]."

8

Taken together, this language implies that Williams conducted an inspection but that it was flawed or improperly done, not that CIVE Consulting and Williams breached their duties by completely failing to perform any inspection at all.

In order to review and substantiate the contractor's applications for payment, CIVE Consulting and Williams were required to provide inspection, certification, and oversight services in connection with a construction project. These duties are included within the "practice of engineering," which includes "engineering for construction, alteration, or repair of real property" and "any other professional services necessary to complete an engineering service." TEX. OCC. CODE ANN. § 1001.003(7), (12) (West 2011). In addition, the review of the contractor's applications for payment required comparison of the contractor's work to the specifications incorporated into the contract documents, which also qualifies as the "practice of engineering." *Id*. § 1001.003(9) ("engineering for review of the construction or installation of engineered works to monitor compliance with drawings or specifications"). As such, the services that Williams provided implicated the special knowledge and training that he had as a licensed professional. *See Carter & Burgess*, 355 S.W.3d at 809–12. We agree with the trial court that the underlying claims in this case constitute an action for damages arising from the provision of professional services by a licensed professional.

9

Accordingly, we hold that the trial court did not abuse its discretion in dismissing the lawsuit. *See id.* at 808. We overrule appellants' sole issue.

## Conclusion

We affirm the order of the trial court.

Michael Massengale
Justice

Panel consists of Justices Bland, Massengale, and Brown.