

# NUMBER 13-21-00262-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ARAN & FRANKLIN
ENGINEERING, INC.,                                                    Appellant,

v.

CHRIS ZODY D/B/A NEW
MILLENIUM CONSTRUCTION GROUP,                                        Appellee.

## On appeal from the 36th District Court
## of Aransas County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

This is an interlocutory appeal from the trial court's denial of a motion to dismiss

with prejudice under Chapter 150 of the Texas Civil Practice and Remedies Code. *See*

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (authorizing an immediate interlocutory

appeal of an order denying a motion for dismissal under § 150.002). In its sole issue, appellant Aran & Franklin Engineering, Inc. (Aran & Franklin) argues it is entitled to dismissal of the claims asserted by appellee Chris Zody d/b/a New Millennium Construction Group (New Millennium). Aran & Franklin argues that New Millennium failed to file a certificate of merit in compliance with Chapter 150 of the Texas Civil Practices and Remedies Code in support of its claims, and that the trial court erred in denying its motion to dismiss. *See id.* § 150.002(e). We reverse and remand.

## I.     BACKGROUND & PROCEDURAL HISTORY

New Millennium contracted with Hidden Oaks Association, Inc. (Hidden Oaks) as the general contractor on a roofing project. New Millennium hired Goliath Building Services, Inc. (Goliath) to repair the roof and obtain a Texas Windstorm Insurance Association (TWIA) certificate, known as the WPI 8 certification. Subsequently, New Millennium entered into a subcontract in which Aran & Franklin agreed to serve as appointed qualified inspectors (AQI) for the project.

In its third-party petition, New Millennium alleges that as the AQI, Aran & Franklin "improperly and negligently informed [New Millennium] that the inspection of Goliath's work was satisfactory, that the WPI 8 certification would be issued, and that it was appropriate for New Millennium to pay Goliath for its work." New Millennium argues that it paid Goliath only in light of Aran & Franklin's representations regarding Goliath's work; however, the WPI 8 certification was not issued. Because the WPI 8 certification was not issued, Hidden Oaks filed suit against New Millennium alleging negligence, breach of warranty, breach of contract, and intentional misrepresentations. New Millennium, in turn,

2

brought its third-party claim against Aran & Franklin for contribution, negligence, intentional and/or negligent misrepresentation, indemnity, breach of contract, breach of express warranty, and breach of implied warranty.

Aran & Franklin filed a motion to dismiss New Millennium's third-party claims with prejudice, arguing that New Millennium was required to file a certificate of merit pursuant to Chapter 150 of the Texas Practice and Remedies Code. *See id.* § 150.002. New Millennium filed a response asserting that no certificate of merit was necessary because Aran & Franklin "did not perform any professional engineering services"; rather, New Millennium contended Aran & Franklin served as AQI. To its response, New Millennium attached a verification signed by one of its attorneys, the affidavit of Rolando R. Rubiano, a professional engineer, and various sections of the insurance code. Aran & Franklin filed a reply along with its objections to New Millennium's attached verification and Rubiano's affidavit.

The trial court denied the motion to dismiss. In its order, the trial court sustained Aran & Franklin's objections to the verification relating to the attorney's personal knowledge of any factual matters, but it overruled the remainder of the objections, including those relating to Rubiano's affidavit. This interlocutory appeal followed.

## II. ANALYSIS

In a single issue on appeal, Aran & Franklin argues that the trial court abused its discretion by denying its motion to dismiss because New Millennium was required to file a certificate of merit pursuant to Chapter 150. *See id.*

3

**A. Standard of Review & Applicable Law**

"We review a trial court's order on a motion to dismiss for failure to file a certificate of merit in accordance with [Texas] Civil Practice & Remedies Code [§] 150.002 for an abuse of discretion." *TRW Eng'rs, Inc. v. Hussion St. Bldgs., LLC*, 608 S.W.3d 317, 319 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 493–95 (Tex. 2017) (discussing trial court's discretion to grant dismissal with or without prejudice). "A court abuses its discretion if it fails to analyze or apply the law correctly," *TRW Eng'rs*, 608 S.W.3d at 319, and when it makes decisions in an arbitrary or unreasonable manner, without reference to guiding rules or principles. *Pedernal Energy*, 536 S.W.3d at 492.

When resolution of an appellate issue requires interpretation of a statute, we engage in a de novo review. *See id.* at 491. Our goal in construing a statute is to determine and give effect to the Legislature's intent. *Id.* (citing *Tex. Mut. Ins. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012)). "We look to and rely on the plain meaning of a statute's words as expressing legislative intent unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results." *Id.*; *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014). "We also take statutes as we find them and refrain from rewriting text chosen by the Legislature." *Pedernal Energy*, 536 S.W.3d at 492.

**B. Applicability of Chapter 150**

Section 150.002 of the Texas Civil Practice and Remedies Code requires a sworn "certificate of merit" to accompany any lawsuit "for damages arising out of the provision

of professional services by a licensed or registered professional.". TEX. CIV. PRAC. & REM. CODE ANN. § 150.002. The term "licensed or registered professional" includes a "licensed professional engineer" and "any firm in which such licensed or registered professional practices." *Id.* § 150.001(1-c). Subsection 150.002(e) entitles the defendant to dismissal if the certificate is not timely filed. *Id.* § 150.002(e); *see also LaLonde v. Gosnell*, 593 S.W.3d 212, 221 (Tex. 2019). "To determine whether and how § 150.002 applies, we consider the live pleadings when the trial court ruled on the motion to dismiss." *Jennings, Hackler & Partners, Inc. v. N. Tex. Mun. Water Dist.*, 471 S.W.3d 577, 581 (Tex. App.—Dallas 2015, pet. denied); *see TDIndustries, Inc. v. Rivera*, 339 S.W.3d 749, 753 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Section 150.002 does not state that the specific acts underlying the claim must *themselves* constitute the provision of professional services in order for the certificate of merit requirement to apply. Instead, the suit must be "for damages *arising out of the* provision of professional services." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (emphasis added); *see also TDIndustries*, 339 S.W.3d at 754 (holding claim arises out of the provision of professional services if claim implicates the professional's education, training, and experience in applying special knowledge or judgment). To determine whether a cause of action against an engineering firm is "for damages arising out of the provision of professional services," we compare the allegations in the petition to the definition of the practice of engineering in § 1001.003 of the Texas Occupations Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.001(3); *CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2013, pet. denied);

5

*see also* TEX. OCC. CODE ANN. § 1001.003. The "practice of engineering" is defined by the Texas Occupations Code as:

> the performance of or an offer or attempt to perform any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work.

TEX. OCC. CODE ANN. § 1001.003(b). Chapter 150 adopts this definition. TEX. CIV. PRAC. & REM. CODE ANN. § 150.001(3) (defining "practice of engineering" as the meaning assigned in TEX. OCC. CODE ANN. § 1001.003)).

### 1.    Practice of Engineering

The question before this Court, as posed by Aran & Franklin, is whether Aran & Franklin was providing professional services and operating in an engineering capacity in performing its role as AQI for the roofing project.

New Millennium argues that Aran & Franklin was merely operating as an AQI relating to inspections of "ongoing improvements," and as such, the work performed was not within the purview of engineering services. We are not bound by the labels that the plaintiff uses in formulating its pleadings. *Carter & Burgess, Inc. v. Sardari*, 355 S.W.3d 804, 810 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (first citing *Cap. One v. Carter & Burgess, Inc.*, 344 S.W.3d 477, 482 (Tex. App.—Fort Worth 2011, no pet.); and then citing *UOP, L.L.C. v. Kozak*, No. 01–08–00896–CV, 2010 WL 2026037, at *6 (Tex. App.—Houston [1st Dist.] May 20, 2010, no pet.)). Rather, we look to the substance of New Millennium's pleadings to determine if its claims against Aran & Franklin arise out of the practice of engineering. *See* TEX. OCC. CODE ANN. § 1001.003(b).

New Millennium alleges that Aran & Franklin agreed to serve as an AQI for the project and as such, its responsibilities under applicable regulations included:

> (3) Inspection. The appointed qualified inspector or a designated representative of the appointed qualified inspector must inspect for compliance with the applicable windstorm building code each ongoing improvement during each major construction phase, including the foundation stage; rough framing stage; final framing stage, including attachment of component and cladding items and installation of windborne debris protection; and installation of mechanical equipment. The appointed qualified inspector's designated representatives may assist in conducting inspections, but the appointed qualified inspector must closely monitor and provide direct supervision of any designated representative assisting with the inspection process.

28 TEX. ADMIN. CODE § 5.4621(3). In its third-party petition, New Millennium alleges that:

> Aran & Franklin failed to comply with one or more of its obligations [as AQI] under Rule § 5.4621, including but not limited to it failing to act with reasonable care and competence required of it as an [AQI], failure to inspect the work being performed for compliance with the applicable windstorm building code during each major stage of the work/improvements, and/or failing to closely monitor and provide direct supervisions to any designated representative assisting with the inspection process.

The Texas Administrative Code states that an AQI is "[a]n *engineer* licensed by the Texas Board of Professional Engineers and appointed by [the Texas Department of Insurance] as a qualified inspector under Insurance Code §[ ]2210.254(a)(2)." *Id.* § 5.4601(2) (emphasis added).

New Millennium, in its response to Aran & Franklin's motion to dismiss and in its appellate briefing, contends that "inspections of '[o]ngoing [i]mprovements' are not the provision of professional engineering services for the simple fact that, under the Texas Insurance Code and the Texas Administrative Code, non-engineers are also qualified to do such inspections." New Millennium cites § 2210.254 of the Texas Insurance Code to

7

support its contention that non-engineers are able to act in the capacity for which Aran & Franklin was hired on the roofing project. *See* TEX. INS. CODE ANN. § 2210.254. Section 2210.254 states:

>    (a)    For purposes of this chapter, a "qualified inspector" includes:
>
>           (1)    a person determined by the department to be qualified because of training or experience to perform building inspections;
>
>           (2)    a licensed professional engineer; and
>
>           (3)    an inspector who:
>
>                  (A)    is certified by the International Code Council, the Building Officials and Code Administrators International, Inc., the International Conference of Building Officials, or the Southern Building Code Congress International, Inc.;
>
>                  (B)    has certifications as a buildings inspector and coastal construction inspector; and
>
>                  (C)    complies with other requirements specified by commissioner rule.
>
>    (b)    A windstorm inspection may be performed only by a qualified inspector.
>
>    (c)    Before performing building inspections, a qualified inspector must be approved and appointed or employed by the department.
>
>    (d)    The department may charge a reasonable fee for the filing of applications by and determining the qualifications of persons for appointment as qualified inspectors.
>
>    (e)    The department may establish an annual renewal period for persons appointed as qualified inspectors.

*Id.*

8

However, New Millennium filed a cause of action against Aran & Franklin for damages arising out of Aran & Franklin's failure "to comply with one or more of its obligations under Rule [sic] § 5.4621," including inspection of the project "for compliance with the applicable windstorm building code during each major stage of the work/improvements." *See* 28 TEX. ADMIN. CODE § 5.4621(3).

The Texas Occupations Code states that the practice of engineering includes:

> a service, design, analysis, or other work performed for a public or private entity in connection with a utility, structure, building, machine, equipment, process, system, work, project, or industrial or consumer product or equipment of a mechanical, electrical, electronic, chemical, hydraulic, pneumatic, geotechnical, or thermal nature[.]

TEX. OCC. CODE ANN. § 1001.003(c)(10). Here, according to its petition, New Millennium hired Aran & Franklin to inspect and analyze Goliath's work on the roof of the building for compliance with applicable windstorm building code. Comparing New Millennium's allegations to the definition of the practice of engineering, we hold that the allegations arise out of Aran & Franklin's provision of professional services as New Millennium alleges Aran & Franklin failed to properly inspect a building or structure for compliance in order to receive a WPI 8 certificate.

Furthermore, New Millennium's allegations specifically call into question Aran & Franklin's compliance with § 5.4621 of the Texas Administrative Code, which, by its own definition, requires an engineer to perform the work of an AQI. *See id.* § 5.4601(2) (defining an AQI as "[a]n *engineer* licensed by the Texas Board of Professional Engineers and appointed by TDI as a qualified inspector under Insurance Code § 2210.254(a)(2)" (emphasis added)). Regardless of whether a non-engineer *could*

perform the inspections as New Millennium argues, it is clear that the claims New Millennium raised against Aran & Franklin arose out of engineering services.

As such, we conclude that New Millennium's allegations "ar[ose] out of" Aran & Franklin's practice of engineering. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.001(3); TEX. OCC. CODE ANN. § 1001.003; 28 TEX. ADMIN. CODE § 5.4601(2); *CBM Eng'rs, Inc.*, 403 S.W.3d at 343; *see also Jordan & Assocs. v. Wells*, No. 01-14-00992-CV, 2015 WL 4591786, at *2 (Tex. App.—Houston [1st Dist.] July 30, 2015, no pet.) (mem. op.). We reject New Millennium's argument and hold that the certificate of merit requirement applied in this case. Accordingly, we sustain Aran & Franklin's sole issue.

Having determined that Chapter 150 requires dismissal of New Millennium's claims against Aran & Franklin, we are faced with the issue of whether the dismissal should be with or without prejudice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e) (stating that "dismissal may be with prejudice"). "The Texas Supreme Court has characterized the granting of dismissal with prejudice as being 'discretionary,' stating that in exercising its discretion in this regard, the trial court must be guided by the 'broader purposes of the statute.'" *Cimarron Eng'g, LLC v. Miramar Petroleum, Inc.*, No. 13-14-00163-CV, 2014 WL 2937012, at *5 (Tex. App.—Corpus Christi–Edinburg June 26, 2014, no pet.) (mem. op.) (citing *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013) (per curiam)). The Supreme Court has explained that "dismissal [with prejudice] is a sanction . . . to deter meritless claims and bring them quickly to an end." *Id.*

10

Here, because the trial court denied Aran & Franklin's motion to dismiss, it did not decide the prejudice issue. Accordingly, we believe it is appropriate to remand the case to the trial court for a determination of whether the dismissal of New Millennium's claims should be with or without prejudice. *See CTL/Thompson Tex., LLC*, 390 S.W.3d at 301 (declining to decide in first instance whether dismissal of plaintiff's suit for failure to file adequate certificate of merit should be with or without prejudice); *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752–53 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (same); *see also Cimarron Eng'g, LLC*, 2014 WL 2937012, at *5.

### III.    CONCLUSION

We reverse the trial court's order denying Aran & Franklin's motion to dismiss and remand the case to the trial court with instructions for the trial court to enter an order dismissing New Millennium's claims against Aran & Franklin, to determine whether the dismissal should be with or without prejudice, and for any further proceedings consistent with this memorandum opinion.

NORA L. LONGORIA
Justice

Delivered and filed on the
22nd day of December, 2022.

11