ACCEPTED
01-14-01000-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/10/2015 4:06:22 PM
CHRISTOPHER PRINE
CLERK

# No. 01-14-01000-CV

In The

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/10/2015 4:06:22 PM
CHRISTOPHER A. PRINE
Clerk

# COURT OF APPEALS

FIRST DISTRICT OF TEXAS
Houston, Texas

## TOBY PAUL COUCHMAN AND PRO-SURV,

*Appellants,*

v.

## ELIZABETH CARDONA,

*Appellee.*

On Appeal from Case No. 2014-29414
In the 189th District Court of Harris County, Texas
Honorable William R. Burke, Presiding Judge

## BRIEF FOR APPELLANT

Zandra E. Foley
State Bar No. 24032085
Andrew L. Johnson
State Bar No. 24060025
Kimberly R. Snagg
State Bar No. 24075099
One Riverway, Suite 1400
Houston, Texas  77056
T: (713) 403-8210 | F: (713) 403-8299
Email: zfoley@thompsoncoe.com
Email: ajohnson@thompsoncoe.com
Email: ksnagg@thompsoncoe.com

**COUNSEL FOR APPELLANTS**

**ORAL ARGUMENT REQUESTED**

# I. IDENTITY OF PARTIES AND COUNSEL

In order to assist the Court in identifying grounds for recusal or disqualification, Appellants provide the following list of the names and addresses of the parties and their counsel:

**APPELLANTS/DEFENDANTS:**      Toby Paul Couchman and Pro-Surv

**COUNSEL FOR**
**APPELLANTS/DEFENDANTS:**
Zandra E. Foley
Andrew L. Johnson
Kimberly Snagg
Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056

**APPELLEE/PLAINTIFF:**      Elizabeth Cardona

**COUNSEL FOR**
**APPELLEE/PLAINTIFF:**
Robert L. Collins
Audrey Guthrie
P.O. Box 7726
Houston, Texas 77270

Christopher D. Lewis
1721 West T.C. Jester Blvd.
Houston, Texas 77008

## II.    TABLE OF CONTENTS

I.      IDENTITY OF PARTIES AND COUNSEL ................................................... ii

II.     TABLE OF CONTENTS ........................................................................ iii

III.    INDEX OF AUTHORITIES ...................................................................... v

IV.     STATEMENT OF THE CASE ................................................................ viii

V.      STATEMENT REGARDING ORAL ARGUMENT ..................................... ix

VI.     ISSUES PRESENTED ............................................................................ x

VII.    STATEMENT OF FACTS ........................................................................ 1

        A.    Cardona's Petition in Cause No. 2014-29414 ......................... 1

        B.    Cardona's Certificate of Merit in Cause No. 2014-29414 ............ 2

        C.    Cardona's First-Filed Petition Was in Cause No. 2014-12614 ........... 3

        D.    Trial Court Denied Appellants' Motion to Dismiss in Cause No. 2014-29414 ........................................................................ 4

VIII.   SUMMARY OF ARGUMENT ................................................................. 4

IX.     ARGUMENT ....................................................................................... 6

        A.    Chapter 150 of the Civil Practice and Remedies Code ............. 6

        B.    Standard of Review for Motion to Dismiss Based on Section 150.002 ................................................................................ 8

        C.    Analysis ............................................................................... 9

              1.    Appellants' Motion to Dismiss Must Be Granted Because Cardona Failed to File a Certificate of Merit with Her First-Filed Petition ............................................................... 9

     a.      Cardona Circumvents the Purpose of Section 150.002 .................................................................10

     b.      This Court Should Adopt the Holding in *Bruington II* ...................................................................11

     c.      This Court Should Not Adopt the Holding in *Envirobusiness* ...........................................................14

    2.      Appellants' Motion to Dismiss Must Be Granted Because Cardona's Certificate of Merit Does Not Satisfy the Requirements of Section 150.002(b) .......................................18

X.      CONCLUSION......................................................................................23

PRAYER .................................................................................................24

CERTIFICATE OF SERVICE .................................................................26

CERTIFICATE OF COMPLIANCE ........................................................27

APPENDIX

1.     Trial Court's December 5, 2014 Order Denying Appellants' Motion to Dismiss

2.     Tex. Civ. Prac. & Rem. Code Ann. § 150.002

3.     Trial Court's May 12, 2014 Order Granting Partial Nonsuit in Cause No. 2014-12614

# III.   INDEX OF AUTHORITIES

**Cases**

*Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.*, 01-09-00855-CV, 2010 WL 376076 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) ...............................................................................................8

*Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Services, Inc.*, 441 S.W.3d 345 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ...........9

*Bruington Eng'g Ltd. v. Pedernal Energy L.L.C. (Bruington I)*, 403 S.W.3d 523 (Tex. App.—San Antonio 2013, no pet.) .................. 8, 10, 11, 13, 16, 18

*Bruington Eng'g Ltd. v. Pedernal Energy, LLC (Bruington II)*, ___ S.W.3d___, No. 04-13-00558, 2014 WL 4211024 (Tex. App.—San Antonio, August 27, 2014, no pet. h.) .................................. ix, 11–13, 15, 23

*Carter & Burgess, Inc. v. Sardari*, 355 S.W.3d 804 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ...............................................................................8

*CBM Engineers, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339 (Tex. App.—Houston [1st Dist.] 2013, pet. denied)...............................................19

*Charles Durivage, P.E. v. La Alhambra Condo. Ass'n*, 13-11-00324-CV, 2011 WL 6747384 (Tex. App.—Corpus Christi Dec. 21, 2011, pet. dism'd) ................................................................................................20

*Chavez v. McNeely*, 287 S.W.3d 840 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ..............................................................................................17

*CHCA Woman's Hosp., L.P. v. Lidji*, 369 S.W.3d 488 (Tex. App.—Houston [1st Dist.] 2012)...........................................................................14

*Chevron Corp. v. Redmon*, 745 S.W.2d 314 (Tex. 1987)......................................10

*Crosstex Energy Services, L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384 (Tex. 2014) ...................................................................................... ix, 18

*CTL/Thompson Texas v. Starwood* HOA, 390 S.W.3d 299 (2013) (per curiam) .................................................................................................16

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985) ...................9

*Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433 (Tex. 2009) .......................9

*Garza v. Carmona*, 390 S.W.3d 391 (Tex. App.-Corpus Christi 2012, no pet.) ................................................................................................ 21, 22

*Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853 (Tex. 1995) .............................11

*In re Bennett*, 960 S.W.2d 35 (Tex. 1997)................................................................11

*In re Team Rocket, L.P.*, 256 S.W.3d 257 (Tex. 2008) ..........................................10

*Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556 (Tex. 2014) .......................... ix, 19

*Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492 (Tex. App.—Corpus Christi 2009, no pet.)................................................................18

*Molinet v. Kimbrell*, 356 S.W.3d 407 (Tex. 2011) .................................................17

*Nangia v. Taylor*, 338 S.W.3d 768 (Tex. App.—Beaumont 2011, no pet.)............19

*Packard Eng'g Assocs. v. Sally Group, L.L.C.*, 398 S.W.3d 389 (Tex. App.—Beaumont 2013, no pet.)..................................................................22

*Pakal Enterprises, Inc. v. Lesak Enterprises LLC*, 369 S.W.3d 224 (Tex. App.—Houston [1st Dist.] 2011, pet. denied)......................................... 7, 10

*Pelco Const., Inc. v. Dannenbaum Eng'g Corp.*, 404 S.W.3d 48 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ............................. 7, 10, 13, 19, 21

*Pro Plus, Inc. v. Crosstex Energy Services, L.P.*, 388 S.W.3d 689 (Tex. App.—Houston [1st Dist.] 2012) .................................................................20

*TDIndustries, Inc. v. Rivera*, 339 S.W.3d 749 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ....................................................................... 7, 9, 10

*TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 05-13-01021-CV, 2014 WL 4724706 (Tex. App.—Dallas Sept. 24, 2014, pet. filed) .. ix, 14–17

**Statutes**

Tex. Civ. Prac. & Rem. Code § 150.002 ....................................................... *passim*

Tex. Civ. Prac. & Rem. Code § 150.002(a)...................................................... 8, 12, 14

Tex. Civ. Prac. & Rem. Code §  150.002(b)..................................... 5, 18, 19, 21, 23

Tex. Civ. Prac. & Rem. Code § 74.351(b).................................................................14

# IV. STATEMENT OF THE CASE

| | |
|---|---|
| **Nature of the Case** | Elizabeth Cardona originally filed a suit against Toby Paul Couchman and Pro-Surv ("Appellants") in Cause No. 2014-12614, asserting claims based on Appellants' provision of land-surveying services. (CR 55–70). In response to Appellants' motion to dismiss for failure to serve a certificate of merit, Cardona nonsuited her original petition. (CR 100–101). <br><br> Subsequently, Cardona filed a new suit against Appellants based on the same allegations as in her nonsuited petition, this time including a certificate of merit. (CR 26–46). |
| **Trial Court** | Cause No. 2014-29414 in the 189th Judicial District Court, Harris County, Texas, the Honorable William Burke, presiding. |
| **Course of the Proceedings** | After Cardona filed her new petition, Appellants again filed a motion to dismiss, arguing dismissal was required because Cardona failed to comply with the certificate-of-merit requirements of Chapter 150 of the Texas Civil Practice and Remedies Code. (CR 47–54). |
| **Trial Court's Disposition** | After a non-evidentiary hearing, the trial court denied Appellants' motion to dismiss by order signed on December 5, 2014. (CR 138; *see* App'x Tab 1). |
| **Appeal** | Appellants timely filed a notice of interlocutory appeal on December 12, 2014, pursuant to Rule 26.1(b) of the Tex. R. App. P. and section 150.002(f) of the Tex. Civ. Prac. & Rem. Code. (CR 142). |

## V.   STATEMENT REGARDING ORAL ARGUMENT

This appeal involves a plaintiff's ability to avoid the well-known certificate-of-merit and dismissal requirements of Section 150.002 of the Texas Civil Practice and Remedies Code simply by filing a non-suit. Recently, many courts have had the opportunity to address Chapter 150. In 2014, the Supreme Court of Texas issued two opinions interpreting the section 150.002 certificate-of-merit and dismissal requirements. *See Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556 (Tex. 2014) (plurality op.); *Crosstex Energy Services, L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384 (Tex. 2014). Moreover, in 2014, the San Antonio and Dallas Courts of Appeals disagreed on their interpretation of section 150.002. *Compare Bruington Eng'g Ltd. v. Pedernal Energy, LLC (Bruington II)*, ___ S.W.3d___, No. 04-13-00558, 2014 WL 4211024 (Tex. App.—San Antonio, August 27, 2014, no pet. h.), *with TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 05-13-01021-CV, 2014 WL 4724706 (Tex. App.—Dallas Sept. 24, 2014, pet. filed). Accordingly, Appellants believe oral argument would be beneficial to the Court so that the recent caselaw regarding the Chapter 150 and how it applies in this case may be thoroughly debated.

# VI.   ISSUES PRESENTED

A.    The trial court erred by denying Appellants Toby Paul Couchman and Pro-Surv's motion to dismiss because Appellee Elizabeth Cardona failed to comply with the certificate-of-merit requirements of Chapter 150 of the Texas Civil Practice and Remedies Code.

1.    Cardona's petition in Cause No. 2014-29414 is not her first-filed petition and must be dismissed under Section 150.002 of the Texas Civil Practice and Remedies Code because a certificate-of-merit was not filed with her first-filed petition.

2.    Cardona's certificate of merit is insufficient because it does not set forth specifically for each theory of recovery the negligence or other action, error, or omission of Appellants in providing professional services, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

## VII. STATEMENT OF FACTS

### A. Cardona's Petition in Cause No. 2014-29414

In her petition in this case, Cause No. 2014-29414, Appellee Elizabeth Cardona made the following allegations. CR 26–42. Cardona planned to purchase a tract of land in Harris County, and her lender required her to obtain title insurance. CR 27. The title insurer chose Appellant Pro-Surv to conduct a survey needed to determine whether the tract was in a flood zone. CR 27–28. Appellant Tony Paul Couchman was the registered professional land surveyor who signed the surveying report generated by Pro-Surv on February 21, 2012. CR 28. In the survey, Couchman allegedly indicated that the tract was not in a flood zone. CR 28. Cardona purportedly paid Appellants' surveying fee and closed on the tract. CR 28–29. Cardona claims she subsequently learned that Appellants had prepared a separate survey in which Couchman indicated that the tract was in a flood zone. CR 29. According to Cardona, based on this second survey, the City of Houston denied her request for construction permits, preventing her from using the land as she intended at closing. CR 29. Cardona sued Appellants, asserting claims for breach of contract, negligence and gross negligence, fraud, violation of Insurance Code chapter 541, and violation of the Deceptive Trade Practices Act ("DTPA"). CR 29–33.

1

**B.    Cardona's Certificate of Merit in Cause No. 2014-29414**

Cardona attached "Registered Professional Land Surveyor Oscar Hernandez' Affidavit of Merit" to her petition in Cause No. 2014-29414.  CR 40–42.  Hernandez stated that he reviewed two surveys purportedly issued by Appellants, both of which were dated February 21, 2012.  CR 40.  Hernandez noted that the difference between the surveys is that the first survey allegedly provided to Cardona before she closed on the property stated the property does not lie in a flood zone, whereas the second survey provided to Cardona after the closing stated the property does lie in a flood zone.  CR 40.

Hernandez recognized that both surveys appear to bear Couchman's seal and signature.  CR 41.  Hernandez opined that if the first survey did not reflect Couchman's opinion, it meant his seal and signature stamp were used without permission.  CR 41.  If the first survey did reflect Couchman's opinion, the existence of the second survey meant Couchman changed his opinion and stamped a new survey without informing Cardona of the revision, meaning Couchman and Pro-Surv performed untimely since Cardona did not receive the second survey until after closing.  CR 41.

Hernandez expressed that reasonably safeguarding the stamp would have prevented its unauthorized use. CR 41.     Moreover, Hernandez stated that "Adequate record-keeping to differentiate between work in progress and completed

surveys would also have been sufficient to prevent document ready for transmission to those excepted to rely on it." CR 41.

Hernandez provided that a registered professional land surveyor has a duty to 1) "ensure that documents are not created that bear his signature and stamp unless they reflect that considered opinion of the land surveyor in a surveying matter," and 2) "not to allow the circulation of documents that purport to reflect the surveyor's considered opinion on a surveying matter, but which do not." Hernandez conclusorily stated Appellants breached these duties because of "the availability to [Cardona] of both [surveys]." CR 41. Hernandez expressed that Cardona was entitled to and did believe that the first survey accurately reflected Couchman's opinion because his signature and stamp were on it. CR 41.

## C.    Cardona's First-Filed Petition Was in Cause No. 2014-12614

Cardona's petition and certificate of merit in Cause No. 2014-29414 was initially filed in the 334th District Court of Harris County but was transferred to the 189th District Court. CR 25. The basis for the transfer was Cardona had previously brought the same allegations against Appellants on March 10, 2014 in Cause No. 2014-12614 in the 189th District Court. CR 25, 55–70. Cardona did not file a certificate of merit contemporaneously with her original petition in Cause No. 2014-12614, which, as discussed in detail below, is a requisite to bring her claims under Chapter 150 of the Texas Civil Practice & Remedies Code. On May

3

1, 2014, Appellants filed a motion to dismiss pursuant to Chapter 150 in Cause No. 2014-12614. CR 93–98. In response to the motion to dismiss, Cardona nonsuited her claims against Appellants. CR 100–101. The trial court in Cause No. 2014-12614 performed its ministerial duty of signing the order of nonsuit.[1]

**D. Trial Court Denied Appellants' Motion to Dismiss in Cause No. 2014-29414**

On July 10, 2014, Appellants filed a motion to dismiss Cardona's new petition in Cause No. 2014-29414, arguing Cardona failed to file a certificate of merit with her first-filed petition and that her certificate of merit is deficient. CR 47–53. Cardona filed a response on August 11, 2014. CR 105–108. On August 15, 2014, the trial court conducted a non-evidentiary hearing on Appellants' motion to dismiss. CR 110. Thereafter, the parties submitted post-hearing briefing. CR 110–111, 112–113, 116, 117–118, 119–133. On December 5, 2014, the trial court signed an order denying Appellants' motion to dismiss. CR 138. Appellants timely bring this interlocutory appeal. CR 142–143.

## VIII. SUMMARY OF ARGUMENT

In an effort to curtail litigation abuse relative to licensed and registered professionals, the Texas Legislature enacted Chapter 150 of Texas Civil Practice

---

[1] Appellants request this Court to take judicial notice of the trial court's order of nonsuit in Cause No. 2014-12614, included in the Appendix at Tab 3 and on the Harris County District Clerk's website, Image No. 60802336.

4

and Remedies Code. Pertinent here is section 150.002, governing a plaintiff's requirement to file a certificate of merit with her first-filed petition. Appellants first contend that Cardona failed to comply with the certificate-of-merit requirement because her first-filed petition in Cause Number 2014-12614 was not accompanied by a certificate of merit. Although Cardona filed a nonsuit of the petition as to Appellants, and then filed a new petition with a certificate of merit under a new cause number, the fact still remains that she did not file a certificate contemporaneously with her first-filed petition and thus the trial court ***must*** grant Appellant's motion to dismiss. Appellant cannot circumvent the requirements of section 150.002 simply by taking a nonsuit.

Second, even assuming Cardona properly filed her certificate of merit, the substance of the certificate itself is insufficient to satisfy the requirements of section 150.002(b). Cardona's certificate of merit does not set forth specifically for each theory of recovery the negligence or other action, error, or omission of Appellants in providing their professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. Accordingly, Cardona did not comply with the statute and her claims must be dismissed.

## IX. ARGUMENT

### A. Chapter 150 of the Civil Practice and Remedies Code

Chapter 150 of the Civil Practice and Remedies Code governs specific aspects of the liability of licensed or registered professionals. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 150.001–150.004. Under the following relevant portions of Section 150.002, a plaintiff suing a land surveyor must file with his original petition the certificate of merit of a registered professional land surveyor setting forth the bases for the plaintiff's claims and damages.

> (a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, ***the plaintiff shall be required to file with the complaint an affidavit*** of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:
>
> > (1) is competent to testify;
> >
> > (2) holds the same professional license or registration as the defendant; and
> >
> > (3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:
> >
> > > (A) knowledge;
> > >
> > > (B) skill;
> > >
> > > (C) experience;
> > >
> > > (D) education;
> > >
> > > (E) training; and
> > >
> > > (F) practice.
>
> (b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered

professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

(e) ***The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice***.

Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), (b), (e) (emphasis added).

This Court has recognized that, under section 150.002, "the certificate of merit must be filed with ***the first-filed complaint*** asserting the relevant claim against a professional" and that "[f]ailure to file a certificate of merit in such instances ***requires dismissal*** of the complaint against the defendant." *Pelco Const., Inc. v. Dannenbaum Eng'g Corp.*, 404 S.W.3d 48, 53 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (emphasis added) (citing Tex. Civ. Prac. & Rem. Code 150.002(a), (e)); *see also Pakal Enterprises, Inc. v. Lesak Enterprises LLC*, 369 S.W.3d 224, 228 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) ("[S]ection 150.002 requires a plaintiff to file a certificate of merit with the first-filed complaint asserting a negligence claim against a professional."); *TDIndustries, Inc. v. Rivera*, 339 S.W.3d 749, 753 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("The plaintiff in such an action is required to file a particular kind

7

of affidavit, often referred to as a 'certificate of merit,' contemporaneously with the complaint.").

"The defendant's right to a dismissal is triggered by the plaintiff's failure to file with the trial court a certificate of merit contemporaneously with the complaint or petition." *Bruington Eng'g Ltd. v. Pedernal Energy L.L.C. (Bruington I)*, 403 S.W.3d 523, 531 (Tex. App.—San Antonio 2013, no pet.). "***Nothing in Section 150.002 allows a plaintiff to cure a failure to timely comply***." *Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.*, 01-09-00855-CV, 2010 WL 376076, at *3 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.). "The only exception to section 150.002(a)'s contemporaneous filing requirement [and which does not apply in this case] is when the period of limitations will expire within ten days of filing and there are time constraints." *Bruington I*, 403 S.W.3d at 531 (citing Tex. Civ. Prac. & Rem. Code § 150.002(c)). "By its plain language, the statute permits no other exceptions." *Id.*

B.     **Standard of Review for Motion to Dismiss Based on Section 150.002**

An appellate court reviews the trial court's ruling on a motion to dismiss for an abuse of discretion. *Carter & Burgess, Inc. v. Sardari*, 355 S.W.3d 804, 808 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules and

8

principles.  *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

To the extent we are required to interpret a statute, that aspect of our review is performed *de novo*.  *See TDIndustries*, 339 S.W.3d at 752.  The Court must enforce the statute "as written" and "refrain from rewriting text that lawmakers chose."  *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009).  In interpreting statutes, our primary purpose is to give effect to the legislature's intent by relying on the plain meaning of the text adopted by the legislature, unless a different meaning is supplied by statutory definition or is apparent from the context, or the plain meaning leads to absurd results.  *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Services, Inc.*, 441 S.W.3d 345, 353 (Tex. App.— Houston [1st Dist.] 2013, pet. denied).

## C.    Analysis

### 1.    Appellants' Motion to Dismiss Must Be Granted Because Cardona Failed to File a Certificate of Merit with Her First-Filed Petition

As set forth above, the undisputed procedural posture establishes that Cardona (1) filed an original lawsuit without a certificate of merit (CR 55–70), (2) nonsuited her original lawsuit in response to Appellants' motion to dismiss before the motion was considered (CR 100–101), and (3) subsequently filed a new lawsuit with a certificate of merit (CR 26–42).  At this point, application of section

9

150.002 requires one result—Cardona's new petition *must* be dismissed because Cardona did not file a certificate contemporaneously with her first-filed petition. *See* Tex. Civ. Prac. & Rem. Code 150.002(a), (e); *Pelco Const.*, 404 S.W.3d at 53; *Pakal Enterprises*, 369 S.W.3d at 228; *TDIndustries*, 339 S.W.3d at 753.

### a. Cardona Circumvents the Purpose of Section 150.002

Permitting Cardona to skirt the statutorily prescribed requirements of Section 150.002 simply by filing a nonsuit followed by a new suit would eradicate the purpose and intent of the statute. Courts must avoid statutory interpretations that render portions of a particular statute meaningless or mere surplusage. *See Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex. 1987). Interpreting Section 150.002 to provide noncomplying plaintiffs with a means of wholly avoiding the effects of the statute would render it meaningless. "[A] section 150.002(e) motion to dismiss with prejudice is a claim for affirmative relief that survives nonsuit because, otherwise, the nonsuit would defeat the purpose of deterring meritless claims." *Bruington I*, 403 S.W.3d at 527.

Moreover, the law loathes the use of nonsuit as an escape hatch to deprive another party of his right to relief:

> [T]he Texas Supreme Court looks with disfavor on nonsuits that are filed to circumvent legal restrictions or unfavorable rulings. *See, e.g., In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008) (orig. proceeding) (holding that once a venue determination has been made, that determination is conclusive as to those parties and claims, and because venue is then fixed in any suit involving same parties and

10

claims, it cannot be overcome by a nonsuit and subsequent refiling in another county); *In re Bennett*, 960 S.W.2d 35, 36 (Tex. 1997) (orig. proceeding) (holding that neither filing of nonsuit nor subsequent removal of case to federal court deprived state court of jurisdiction to consider, sua sponte, whether sanctions should be imposed on attorneys for pre-removal conduct when sanctions are unrelated to the merits of the removed case); *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 854–55 (Tex. 1995) (holding that once trial court announces decision on motion for partial summary judgment, that claim is no longer subject to plaintiff's right to nonsuit)

*Id.* at 532. Statutory construction should further legislative intent, not stifle it, and reading a loophole into the statute that renders the certificate-of-merit requirements moot cannot be a fair surmising of legislative intent.

### b. This Court Should Adopt the Holding in *Bruington II*

The San Antonio Court of Appeals recently issued an opinion with an analogous procedural posture to that of the present case and which highlights the Legislature's purpose in enacting Section 150.002. *See Bruington Eng'g Ltd. v. Pedernal Energy, LLC (Bruington II)*, ___ S.W.3d___, No. 04-13-00558, 2014 WL 4211024 (Tex. App.—San Antonio, August 27, 2014, no pet. h.), *denial of en banc review*, Jan. 28. 2015.[2] In that case, (1) the plaintiff filed its original petition without the required certificate of merit, (2) the defendant filed a motion to dismiss under section 150.002(e), (3) the plaintiff nonsuited its claims without prejudice against the defendant, and (4) the trial court signed an order of nonsuit without

---

[2] Pedernal Energy, LLC's petition for review to Supreme Court of Texas is presently due March 16, 2015. http://www.search.txcourts.gov/Case.aspx?cn=15-0123&coa=cossup.

11

prejudice. *Id.* at *1–2. Later, the plaintiff filed an amended petition, once again bringing the defendant into the suit and this time attaching a certificate of merit. *Id.* at *2. The defendant filed a new motion to dismiss, which the trial court denied. *Id.*

On the first interlocutory appeal, the court of appeals reversed and remanded, directing the trial court to dismiss the case and determine whether the dismissal should be with or without prejudice. *Id.* On remand, the trial court dismissed the claims *without prejudice*. *Id.*

The defendant then filed a second interlocutory appeal, contending the trial court abused its discretion by failing to dismiss with prejudice. *Id.* The court of appeals noted, "Our primary focus on this appeal is to determine if the Legislature intended a dismissal under subsection (e) be with prejudice or without prejudice where a claimant failed to file an affidavit contemporaneously with the complaint." *Id.* at *5. The court of appeals panel unanimously agreed with the defendant, holding that the only reasonable interpretation of section 150.002 is that dismissal *with prejudice is required* when a plaintiff fails to serve a certificate of merit with its first-filed petition:

> We limit our analysis to whether "[t]his dismissal may be with prejudice" is clear and unambiguous in the context of subsection (a). ***A failure to file a section 150.002(a) affidavit contemporaneously with the first-filed petition mandates dismissal with prejudice pursuant to section 150.002(e).*** Yet, a "plaintiff who does not timely file the certificate of merit should not be allowed to circumvent the

12

unfavorable ruling of a dismissal by nonsuiting and then filing an amended complaint with the appropriate certificate." *Bruington I*, 403 S.W.3d at 532. Unless the exception in subsection (c) applies,[3] *a dismissal without prejudice under these circumstances would be contrary to legislative intent.*

*We, therefore, hold that, as a matter of law, when a plaintiff fails to file an affidavit contemporaneously with the first-filed complaint, and the exception under section 150.002(c) does not apply, the Legislature intended the complaint be dismissed with prejudice. Based on our statutory construction, the trial court abused its discretion in dismissing [the plaintiff's] complaint without prejudice.*

*Id.* at 12 (emphasis added).

Cardona argues that amending the petition following a nonsuit (what occurred in *Bruington II*) is substantively different than filing a new petition under a new cause number following a nonsuit (which is what Cardona did in the present case). However, this distinction makes no difference—the bottom-line is whether the plaintiff's "first-filed complaint" contained the required certificate of merit. *See Pelco Const.*, 404 S.W.3d at 53. If not, section 150.002 has been violated and requires dismissal regardless of what form or fashion a subsequent petition takes.

Admittedly, dismissal with prejudice for failing to attach a certificate of merit with the first-filed petition is an exacting mandate. However, such is the system envisioned by the Legislature to curtail abusive, unmeritorious claims.

---

[3] Subsection (c) does not apply in the present case—it applies only when the statute of limitations is set to expire within ten days of the first-filed complaint's filing, and the plaintiff alleged that it would be too difficult for her to procure a certificate of merit due to time constraints. *See* Tex. Civ. Prac. & Rem. Code § 150.002(c). Cardona never made such an allegation nor has she argued for the application of subsection (c).

13

This result is not surprising given the analogous result for not timely filing expert reports under section 74.351. *See* Tex. Civ. Prac. & Rem. Code § 74.351(b) (requiring trial court to dismiss plaintiff's suit with prejudice if plaintiff fails to timely serve expert report and to award attorney's fees to defendant); *see also CHCA Woman's Hosp., L.P. v. Lidji*, 369 S.W.3d 488, 492 (Tex. App.—Houston [1st Dist.] 2012). Moreover, section 150.002 has been enacted for over a decade, and its certificate-of-merit requirement should not be a surprise for plaintiffs.

### c. This Court Should Not Adopt the Holding in *Envirobusiness*

Appellants are cognizant of the Dallas Court of Appeals' recent determination that section 150.002(a)'s requirement that a certificate must be contemporaneously filed with the first-filed petition means the first-filed petition per lawsuit. *TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 05-13-01021-CV, 2014 WL 4724706, at *4–5 (Tex. App.—Dallas Sept. 24, 2014, pet. filed).[4] In that suit, the plaintiff filed a petition without a certificate of merit, the defendant filed a motion to dismiss pursuant to section 150.002(e), and the trial court granted the motion to dismiss without prejudice (**which, as discussed below, is an important distinction from the present situation in which the trial court never ruled on Appellants' first motion to dismiss due to Cardona's nonsuit**). *Id.* at *2.

---

[4] Petitions for review to the Supreme Court of Texas have been filed in this case. http://www.search.txcourts.gov/Case.aspx?cn=14-0916&coa=cossup.

The plaintiff filed a new suit in a different district court, this time with a certificate of merit. *Id.* The defendant moved for the new suit to be consolidated with the original suit (which remained pending against other defendants) and, once consolidated, moved for the new petition to be dismissed because plaintiff failed to attach a certificate with the original petition. *Id.* The trial court granted the consolidation and dismissed the plaintiff's claims with prejudice. *Id.*

The Dallas Court reversed the dismissal because the plaintiff filed a new suit against the defendant. *Id.* at *4. In other words, the Dallas Court broadly held that a plaintiff can avoid the effects of section 150.002 simply by filing a new suit: "when a plaintiff files a new action and includes a certificate of merit with the first-filed petition in that action, the plaintiff has complied with the plain language of the statute." *Id.* Appellants urge this Court to decline adoption of *Envirobusiness*.

First, *Envirobusiness* is distinguishable from the present case because, in that case, the plaintiff filed a new suit *after* trial court actually granted the defendant's original motion to dismiss (without prejudice); hence the defendant had already received the statutorily-required dismissal. Here, Cardona filed her new suit after taking a nonsuit, and the trial court never ruled on Appellants' original motion to dismiss because, like the defendant in *Bruington II*, Appellants

simply filed a new motion dismiss.[5]  Therefore unlike in *Envirobusiness*, the trial court still has not complied with its ministerial duty to ***grant*** Appellants' motion to dismiss due to Cardona's failure to file a certificate of merit with her first-filed petition.

Second, the *Envirobusiness* court's interpretation of section 150.002 is illogical and leads to an absurd result.  The court agrees that the statute precludes a plaintiff from filing an amended petition with a certificate of merit to rectify her failure to file a certificate with the first-filed petition.  *Id.* at *4.  However, the court holds a plaintiff may file a petition in a new lawsuit with a certificate of merit to rectify her failure to file a certificate with the first-filed petition.  *Id.*  But what is the difference between filing an amended petition with a certificate of merit and filing a new lawsuit with a certificate of merit that would support such an interpretation?  Courts should be disinclined to determine a statute provides such an arbitrary procedural mechanism—particularly when, as here, the statutory

---

[5] The Supreme Court has held that a motion to dismiss for failure to attach a certificate of merit is a claim for affirmative relief that survives a nonsuit.  *CTL/Thompson Texas v. Starwood HOA*, 390 S.W.3d 299, 300–01 (2013) (per curiam).  This is because a nonsuit does not provide all the relief the defendant was entitled to seek, namely a dismissal ***with prejudice***.  *Id.* at 301.

Appellants' motion to dismiss in Cause No. 2014-12614 included a request for a dismissal with prejudice.  CR 96.  Moreover, the trial court's exercise of its ministerial duty to grant Cardona's nonsuit did not grant or deny any relief sought by Appellants.  *See* App'x Tab 3; *see also Bruington I*, 403 S.W.3d at 528 ("Thus, it is clear the trial court was simply carrying out the ministerial, non-discretionary act of granting Pedernal's nonsuit.").  Hence, the trial court's ministerial duty in granting the nonsuit did not explicitly or implicitly rule on the merits of Appellants' motion to dismiss.

16

language does not dictate such a mechanism. *See Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011) ("It is the Legislature's prerogative to enact statutes; it is the judiciary's responsibility to interpret those statutes according to the language the Legislature used."). "[H]ad the Legislature intended that [a plaintiff could avoid the dismissal penalty by taking a nonsuit], it could have done so by using clear statutory language, as it has done in other situations." *Chavez v. McNeely*, 287 S.W.3d 840, 844 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

Third, and most importantly, the *Envirobusiness* court's interpretation of section 150.002 effectively abrogates the Legislature's intent and purpose in enacting a certificate-of-merit requirement. Moreover, the *Envirobusiness* interpretation encourages plaintiffs who err by failing to include a certificate of merit with their first-filed petition to take a nonsuit and file a new suit against the professional defendant but continue prosecuting their current suit against the non-professional defendants (as is exactly what happened in this suit). Surely the Legislature did not intend for plaintiffs to split up their claims arising from the same underlying facts, wasting time and judicial resources.

In sum, the most reasonable interpretation for giving effect to legislative intent is the one advocated by Appellants: the trial court must grant a defendant's motion to dismiss if the plaintiff fails to attach a certificate of merit with her first-filed petition regardless of how she chooses the rectify the omission, no exceptions

17

(other than the inapplicable statute-of-limitations exception provided by section 150.002(c)). *See Bruington I*, 403 S.W.3d at 531 ("By its plain language, the statute permits no other exceptions [other than subsection (c)]."); *see also Crosstex Energy Services, L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391 (Tex. 2014) (interpreting the good-cause prong of the near-limitations exception narrowly so that it does not "swallow the narrow near-limitations exception and, quite likely, the contemporaneous filing rule").

Finally, if the Court determines not to render judgment of dismissal with prejudice against Cardona (which is the result required under *Bruington II*), it is clear the Court should at least reverse the trial court's order denying Appellants' motion to dismiss and remand the case for the trial court to determine whether to dismiss the case with or without prejudice. *See Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 495 (Tex. App.—Corpus Christi 2009, no pet.) ("Rather than allow for amendment [of the petition to include a certificate of merit], the statute permits dismissal without prejudice.").

### 2. Appellants' Motion to Dismiss Must Be Granted Because Cardona's Certificate of Merit Does Not Satisfy the Requirements of Section 150.002(b)

As stated above, a certificate of merit

shall set forth **specifically** for **each theory of recovery** for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing

18

advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b) (emphasis added).

The purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims are not frivolous. *CBM Engineers, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 345 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). The Supreme Court of Texas has recognized that "subsection (b) requires the certificate to state the factual basis for each legal theory or 'claim' asserted in that action." *Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 567 (Tex. 2014). If a claim arose from a defendant's "provision of professional services," the claim must be supported in a certificate of merit *Pelco Const.*, 404 S.W.3d at 54–55. Thus, Hernandez's certificate of merit must contain ***specific*** statements for each of Cardona's claims regarding Appellants' purported act or omission and the factual basis for the claim. *See CBM Engineers*, 403 S.W.3d at 345; *Nangia v. Taylor*, 338 S.W.3d 768, 772–73 (Tex. App.—Beaumont 2011, no pet.) ("The focus of the certificate of merit is on the alleged error or omission and the facts that support the claim.").

Cardona brings claims against Appellants for breach of contract, negligence and gross negligence, fraud, violation of Insurance Code chapter 541, and violation of the DTPA. CR 29. In their motion to dismiss, Appellants argued that Hernandez's certificate of merit did not set forth specifically for each claim

19

Appellants' negligence, error, act, or omission or the factual basis for the claim. CR 51–52.

In her negligence claim, Cardona alleges Appellants breached their duty to act with ordinary care in stamping and delivering the wrong survey to Cardona. CR 30. Although Appellants fully contest and deny Cardona's negligence claim, they admit that Hernandez's certificate is sufficient relative to this claim. However, the certificate of merit does not provide any errors, acts, or omissions, or a factual basis supporting a claim for gross negligence based on Appellants' alleged reckless disregard of Cardona's rights. *See Charles Durivage, P.E. v. La Alhambra Condo. Ass'n*, 13-11-00324-CV, 2011 WL 6747384, at *4 (Tex. App.—Corpus Christi Dec. 21, 2011, pet. dism'd) ("Frantz's affidavit does not state any factual basis for La Alhambra's gross negligence cause of action.").

Hernandez's assertions do not provide any factual basis for a breach-of-contract claim because Hernandez does not mention the existence, let alone his review, of any contract. *See id.* at *4 ("Nor does the affidavit provide any factual basis for La Alhambra's breach of contract claim, because it does not state any facts regarding the existence or breach of any contract."); *see also Pro Plus, Inc. v. Crosstex Energy Services, L.P.*, 388 S.W.3d 689, 706 (Tex. App.—Houston [1st Dist.] 2012), *aff'd*, 430 S.W.3d 384 (Tex. 2014) (holding certificate-of-merit requirements apply to breach-of-contract claim).

20

Likewise, Hernandez's statements provide no factual basis for Cardona's fraud claim. This Court has held that section 150.002(b) requires a plaintiff to provide a certificate of merit supporting its fraud claim when the claim arises "out of the provision of professional services." *Pelco Const.*, 404 S.W.3d at 55.

Hernandez opines that Couchman breached duties by not properly protecting his seal and signature stamp, by not having adequate record-keeping measures in place to prevent draft reports from being distributed, and by not timely informing Cardona of the second survey. Hernandez does not explain or even intimate that any of these alleged facts or breaches form the basis of a *fraud* claim. *See Garza v. Carmona*, 390 S.W.3d 391, 397 (Tex. App.—Corpus Christi 2012, no pet.) ("Myers's [certificate of merit] does not identify or otherwise discuss the Carmonas' claims for common-law fraud, negligent misrepresentation, or breach of contract.").

Furthermore, as regards Pro-Surv, Hernandez states that, if the first survey "did not reflect Couchman's opinion or Couchman did not approve Pro-Surv's transmission of [the first survey], then Pro-Surv acted with reckless disregard for the truth or falsity of the representation made in [the first survey] regarding Couchman's opinion as a licensed Texas land surveyor." CR 41. This appears to be an assertion that Pro-Surv erred by distributing Couchman's survey without first checking with Couchman. Such statement has nothing to do with Couchman's

actions, and clearly does not set forth specifically Pro-Surv's alleged fraudulent actions and a supporting factual basis. *See Packard Eng'g Assocs. v. Sally Group, L.L.C.*, 398 S.W.3d 389, 395 (Tex. App.—Beaumont 2013, no pet.) (holding certificate-of-merit insufficient as to fraud claim because it "does not identify or otherwise discuss any knowingly false or recklessly-made representations by Packard upon which Packard intended appellees to rely to their detriment.").

Finally, Hernandez's assertions do not provide any factual basis for a claims under the DTPA or Texas Insurance Code Chapter 541. *See Garza*, 390 S.W.3d at 397 ("Myers's [certificate of merit] does not mention or in any way discuss the Carmonas' DTPA theory of recovery."). Cardona's DTPA claim is based on Appellants' alleged breach of warranty, unconscionable mishandling of the first and second reports, and misrepresentations aimed at causing Cardona to purchase the property. CR 32–33. Hernandez does not specifically address any of these theories of recovery in his certificate of merit.

Further, Cardona's Chapter 541 claim is apparently based on an assertion that Appellants made misrepresentations to cause the wholly unrelated third-party title company to issue an insurance policy. CR 32.[6] Clearly, nothing in

---

[6] Cardona did not explain or infer in her petition what section of Chapter 541 Appellants purportedly violated. CR 32.

22

Hernandez's report sets forth an act or omission or the factual basis for such a claim.

In short, Cardona was required to ***specifically*** set forth for ***each theory of recovery*** Appellants' bad acts and the supporting factual basis. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b). Instead Cardona provided a certificate of merit that does not differentiate at all between theories of recovery or provide specific factual bases for the theories. If Hernandez's broad statements that do not attempt to address Cardona's claims specifically are sufficient to meet the requirements of section 150.002(b), then what is the purpose to the statute? The certificate of merit was supposed to provide the trial court with some indicia that Cardona's claims have merit, not a mere recasting of allegations by Hernandez. Hence, Cardona's certificate is insufficient to satisfy the statutory requirements.

## X. CONCLUSION

Appellee Elizabeth Cardona may not circumvent the intent and purpose of section 150.002's certificate-of-merit and dismissal requirements by nonsuiting her first-filed petition and filing a new lawsuit. The trial court erred by denying Appellants' motion to dismiss. This Court should apply the holding in *Bruington II* by reversing the trial court's order and rendering judgment dismissing with prejudice all of Cardona's claims. Alternatively, the trial court should reverse the

23

trial court's order and remand the case for the trial court to determine whether to dismiss with or without prejudice.

Moreover, even if the Court concludes section 150.002 allowed Cardona to avoid the dismissal requirements by taking a nonsuit, the Court should still reverse the trial court's order as to Cardona's claims for gross negligence, breach of contract, fraud, and violation of the DTPA and Insurance Code because Hernandez's certificate of merit is deficient. The Court should then render judgment dismissing these claims with prejudice or, alternatively, remanding for the trial court to determine whether to dismiss the claims with or without prejudice.

## PRAYER

Appellants Toby Paul Couchman and Pro-Surv pray that the Court reverse the trial court's interlocutory order denying their motion to dismiss pursuant to section 150.002 of the Texas Civil Practice and Remedies Code and render judgment dismissing Appellee Elizabeth Cardona's entire lawsuit with prejudice. Alternatively, the Court should reverse the trial court's order as to those claims which are not supported by the certificate of merit pursuant to 150.002(b) and dismiss these claims with prejudice. Alternatively, this Court should reverse the trial court's order and remand the case for the trial court to determine whether to dismiss Cardona's claims with or without prejudice. Finally, the Court should award Appellants any other relief to which they may be entitled in law or equity.

24

Respectfully submitted,


By:___*/s/ Andrew L. Johnson*_____
 Zandra E. Foley
 State Bar No. 24032085
 Andrew L. Johnson
 State Bar No. 24060025
 Kimberly R. Snagg
 State Bar No. 24075099
 One Riverway, Suite 1400
 Houston, Texas  77056
 T: (713) 403-8210 | F: (713) 403-8299
 Email: zfoley@thompsoncoe.com
 Email: ajohnson@thompsoncoe.com
 Email: ksnagg@thompsoncoe.com

 **Counsel for Appellants Toby Paul Couchman and Pro-Surv**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2015, a true and correct copy of the foregoing document was served pursuant to the Rules to:

Robert L. Collins
Audrey Guthrie
P.O. Box 7726
Houston, Texas 77270-7726
Telephone:   (713) 467-8884
Facsimile:    (713) 467-8883

Christopher D. Lewis
1721 West T.C. Jester Blvd.
Houston, Texas  77008
Telephone:   (713) 553-4104

*Counsel for Appellee Cardona*

/s/ Andrew L. Johnson_____
Andrew L. Johnson

# CERTIFICATE OF COMPLIANCE

I certify that this Brief contains 5,818 words, not including the parts excluded by Tex. R. App. P. 9.4(i)(1). Accordingly, it complies with Rule 9.4(i)(2)(B).

*/s/ Andrew L. Johnson*_____
Andrew L. Johnson

CAUSE NO. 2014-29414

| | | |
|---|---|---|
| EIZABETH CARDONA,<br>**Plaintiff** | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | |
| | § | HARRIS COUNTY, T E X A S |
| TOBY PAUL COUCHMAN and<br>PRO-SURV, an unincorporated<br>association,<br>**Defendants.** | §<br>§<br>§<br>§ | 189th JUDICIAL DISTRICT |

## ORDER DENYING MOTION TO DISMISS

ON the 15th day of August, 2014, came to be heard Defendants' Motion to Dismiss, and upon consideration of the materials on file, the authorities, and the arguments of counsel, the Court finds that such Motion should be and hereby is DENIED.

Signed this ___5___ day of ~~August~~ December, 2014, by

_Hon. Bill Burke_

**APPROVED AND ENTRY REQUESTED:**

Robert L Collins
Texas Bar No.. 046181100
Audrey Guthrie
Texas Bar No. 24083116
P.O Box 7726
Houston, Texas 77270
(713) 467-8884
(713) 467-8883 Facsimile

Christopher D Lewis
SBOT No. 24032546
1721 West T.C Jester Blvd.
Houston, Texas 77008
Telephone (713) 553-4104

**F I L E D**
Chris Daniel
District Clerk

DEC 5 2014

ne: _____
Harris County, Texas

5

138

**APPENDIX 1**

Vernon's Texas Statutes and Codes Annotated
Civil Practice and Remedies Code (Refs & Annos)
Title 6. Miscellaneous Provisions
Chapter 150. Licensed or Registered Professionals (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 150.002

§ 150.002. Certificate of Merit

Effective: September 1, 2009

Currentness

(a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:

(1) is competent to testify;

(2) holds the same professional license or registration as the defendant; and

(3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:

(A) knowledge;

(B) skill;

(C) experience;

(D) education;

(E) training; and

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.

**APPENDIX 2**

(F) practice.

(b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

(c) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

(d) The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.

(e) The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

(f) An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.

(g) This statute shall not be construed to extend any applicable period of limitation or repose.

(h) This statute does not apply to any suit or action for the payment of fees arising out of the provision of professional services.

**Credits**

Added by Acts 2003, 78th Leg., ch. 204, § 20.01, eff. Sept. 1, 2003. Amended by Acts 2005, 79th Leg., ch. 189, § 2, eff. May 27, 2005; Acts 2005, 79th Leg., ch. 208, § 2, eff. Sept. 1, 2005; Acts 2009, 81st Leg., ch. 789, § 2, eff. Sept. 1, 2009.

Notes of Decisions (185)

V. T. C. A., Civil Practice & Remedies Code § 150.002, TX CIV PRAC & REM § 150.002
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

CAUSE NO. 2014-12614

| | | |
|---|---|---|
| EIZABETH CARDONA,<br>**Plaintiff** | § § § | IN THE DISTRICT COURT OF |
| vs. | § § | |
| | § | HARRIS COUNTY, T E X A S |
| TOBY PAUL COUCHMAN,<br>STARTEX TITLE COMPANY LLC,<br>AND PRO-SURV, AN<br>UNINCORPORATED<br>ASSOCIATION,<br>**Defendants.** | § § § § § § | 189th JUDICIAL DISTRICT |

## ORDER DISMISSING ALL CLAIMS
## AGAINST DEFENDANTS TOBY PAUL COUCHMAN AND PRO-SURV
## PURSUANT TO PLAINTIFF'S NOTICE OF NONSUIT

Plaintiff having filed a Notice of Nonsuit of all claims against Defendants Toby Paul

Couchman and Pro-Surv and No Other Defendants, it is the judgment of this Court that all

claims against Defendants Toby Paul Couchman and Pro-Surv should be and hereby are be

severed and dismissed without prejudice to the refiling thereof.

Plaintiff's claims against StarTex Title Company, LLC remain in force in this matter.

It is so ORDERED.

This is a final, appealable Order.

Signed this ___12___ day of May, 2014.

_____
Judge Presiding

Approved and Entry Requested:

_____

3

Unofficial Copy Official Copy of Chris Daniel District Clerk

**APPENDIX 3**

Robert L. Collins
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile

Christopher D. Lewis
SBOT No. 24032546
1721 West T.C. Jester Blvd.
Houston, Texas   77008
Telephone:   (713) 553-4104

**ATTORNEYS FOR PLAINTIFF**

4